State *v.* Bean.

## State *v.* Bean.

The police court of Portsmouth has jurisdiction of all warrants by law required to be returned before it.

Where it is alleged that a party has been bound over by a police court or justice, to answer at the Supreme Court for the same offence charged in the indictment, it will not be inferred, because the assault is charged in different terms, that the same offence is not intended.

A new trial will not be granted, to enable a respondent to use the evidence of persons charged as accomplices, who were acquitted on a joint trial. If no material evidence is introduced by the prosecutor against any one of the respondents, the course is to move that the jury may pass on his case separately; and if he is acquitted, he may then be a witness as to the others.

THE indictment charged that on June 30, 1857, a complaint was made by W., of Newington, in said county, against the respondent and two others, all described as of Newington, to a justice of the peace for this county, the said W., made oath at Portsmouth, &c., for the same assault, offence, and misdemeanor therein after set forth; that a warrant was issued by the justice, returnable before the police court of Portsmouth, upon which the respondents were arrested and brought before said court,

arraigned and tried, and ordered to recognize to appear at the supreme judicial court, to answer, &c. It was then charged that the respondents, on the 26th of May, 1857, at Newington, &c., assaulted, beat, bruised, wounded and ill-treated said W., &c.

Upon the trial, the government offered in evidence a copy of the record of the police court, to show the preliminary proceedings set forth in the indictment. The respondents objected to the evidence, but it was admitted.

The record recited that June 30th, 1857, before S. H. G., a justice of the peace for the county of R., came W., &c., and on oath complained that E. C. Bean, J. B. and J. S. F., all of N., &c., on the 26th of May, 1857, at Newington aforesaid, with force and arms did make an assault upon W., and him with great force and violence did then and there beat, bruise and ill-treat, and did strike said W. in the side of the head with a stone, and did kick him, and jump upon him with their feet, whereby the life of said W. was greatly endangered, and said W. made insensible and sick for a long time, &c. Whereupon said respondents, being brought, on the 7th of July, 1857, upon a warrant issued on said complaint, before the police court of the city of Portsmouth, &c., were ordered to recognize to appear at the supreme judicial court, &c.

The jury having returned a verdict of guilty against E. C. Bean, and of not guilty as to the others, the said E. C. Bean moved that the verdict might be set aside and a new trial granted, because —

1. It was not shown by any competent evidence that the respondent had been examined by any magistrate having jurisdiction of the case.

2. Because the record of the police court, put in evidence, described a different offence from that stated in the indictment, and was therefore improperly admitted in evidence.

3. Because, since the trial, the evidence of J. B. and J. S. F., which was material to his defence, had become available to him; which evidence he was unable to use at the trial, because said

---

State *v.* Bean.

---

B. and F. were included in the indictment with him, and his motion for a separate trial was overruled, but they have been since acquitted of the charge.

The respondent also moved in arrest of judgment, because the indictment did not set forth, as he alleged, any offence of which the court had jurisdiction, nor that the respondent had been examined by any magistrate having competent jurisdiction to try the same.

*Hatch*, for the respondent.

I. It does not appear by the indictment that the magistrate who issued the original warrant resided in Portsmouth. The offence was committed in Newington, &c.

1. The Police Court of Portsmouth could have no jurisdiction over it.

2. Certainly not, unless the warrant was issued by a magistrate in Portsmouth, which is not averred.

II. The indictment is for a simple assault. The original complaint describes an aggravated assault. The Legislature intended to distinguish between these offences, as plainly as between larceny and burglary, or between simple and grand larceny. In the one, justices of the peace have final jurisdiction, subject to an appeal to the court of common pleas. In the other case the Supreme Court alone has power to try it. The offence described in the indictment should have been first tried by a justice, and could otherwise never come to this court for trial.

III. The trial was so conducted that the defendant was deprived of the testimony of two material witnesses. They were innocent, and should not have been joined in the indictment. If these witnesses were now newly discovered, or had absented themselves, and recently returned to the country, the practice would seem to justify a new trial.

The affidavits of the witnesses disclose a perfect defence to the present indictment.

*C. H. Bell*, Solicitor, for the State.

State *v.* Bean.

1. The evidence that the respondent was examined before a magistrate having competent jurisdiction, consisted of attested copies of the record of the police court, and is competent, if that court had jurisdiction. The case of *State* v. *Ricker*, 32 N. H. 179, settles the question of jurisdiction, the warrant having been issued in Portsmouth. The complaint and warrant were shown, and the warrant was issued at Portsmouth.

2. Though set out in different terms, the offence alleged in the indictment is the same as that described in the complaint. The same evidence would sustain either.

3. A motion for a new trial will not be granted on the ground that the testimony of the other respondents, who have been acquitted, is important to the party. *People* v. *Vermilyea*, 7 Cowen 369 ; *Com.* v. *Chauncy*, 2 Ash. 90.

4. The indictment is sufficient. The case of *State* v. *Arlin*, 7 Foster 116, seems to show that it is not necessary in an indictment to set out the proceedings before the magistrate. The practice has been to allege all assaults and batteries, whether within a justice's jurisdiction or not, in the same terms, and any other would result in much inconvenience.

BELL, J. In the case of *State* v. *Ricker*, 32 N. H. 179, it was held that the police court of Dover had jurisdiction, in cases where the warrant was issued by a justice of the peace in that city, though the parties to the transaction resided, and the offence was alleged to be committed, in some other town of the county ; because, by the statute, all warrants issued by any justice in that city must be made returnable to the police court, and the only purpose of such provision must be that they may be there tried and heard.

We have carefully examined and compared the provisions of the charter of Portsmouth, by which the police court of that city is established, with the general statute relative to police courts, under which the police court of Dover is constituted, and in this particular there is no difference of the slightest importance to the decision of this question. We therefore regard the case of *State* v. *Ricker* as conclusive as to the first objection.

II. It is objected that the indictment charges a simple assault and battery, while the complaint in the police court describes an aggravated assault ; the inference from which is designed to be, that the party is charged by the grand jury with an offence for which he has not been held to an examination before a magistrate, as has been held to be necessary before the Supreme Court will take cognizance of the case.

The argument assumes that the statute intends to create two classes of offences, of the nature of assault and battery, to be prosecuted in different modes, and subjected to different penalties, and therefore to be described in such terms in the complaint as to show to which class the offence is charged to belong. There are such classes of aggravated assaults ; such are assaults with intent to murder, rob, and the like, which it is conceded must be described with proper allegations of the intent, because the character and nature of the offence depends on the intent. But those cases are broadly distinguished from the assaults and batteries here in question, which are not distinguished by any special intent or object, but merely by the severity of the attack, or the amount of the injury inflicted.

To distinguish the two cases of simple assault, when slight and when aggravated, there are no legal and technical terms. From the earliest accounts of law proceedings, it has been the practice for those who have drawn complaints and indictments for such offences, to describe them in strong terms ; and it by no means follows, because an assault is described as being made with great force and violence, and with sticks, swords, &c., and grievous bodily injury is alleged to be inflicted on the sufferer, so that his life was despaired of, that any severe injury was done, nor could a party be deemed to have failed to sustain his charge if he proved any injury, however trivial, if it in law constituted an assault. Neither could it be inferred, from the fact that an assault is described without exaggeration, as where it is said that the accused " did beat, bruise, wound, and evil entreat another, that the offence may not be a case of the most aggravated class. If, then, we compare the assault alleged in the complaint, with

that described in the indictment, we shall find that both set forth a simple assault and battery, and there is nothing in the description of either at all inconsistent with the allegation of the indictment, that both were descriptions of the same offence.

The statute relative to assaults and batteries — Comp. Stat. 558 — provides, that " if such offence is of an aggravated nature, the justice may order such offender to recognize, with sufficient sureties, to appear at the court of Common Pleas next to be holden in the county, and on conviction of such offender he may be punished by fine not exceeding two hundred dollars, and imprisonment not exceeding six months," &c. By this statute no more was intended than that if a justice of the peace, upon the examination of a charge of assault and battery, should be of· opinion that the case was of an aggravated nature, calling for the infliction of a more severe penalty than the law enabled him to impose, he should transfer the case, by an order that the party should recognize to a tribunal of more extended jurisdiction, which could impose the highest as well as the lowest punishment prescribed for such offences, because the power of the court above is unlimited as to the least amount of penalty, except that it must impose some fine, or some imprisonment.

The distinction, then, intended to be created by the statute between the cases to be punished by a justice and those sent to a higher court, was not a difference in the terms in which the offence itself is described, but in the additional allegation, that the party on being examined before a magistrate had been there ordered to recognize to appear at the court above.

For the objection we have been considering there seems to us to be no just foundation.

III. A new trial is applied for, because the evidence of the two persons who were jointly indicted with the defendant, but who were not convicted, is material to prove his innocence, and is now, by their acquittal, for the first time within the power of the prisoner.

This application is new here. Cases of several parties jointly indicted, and placed on trial for the same assaults, or for offences

of other kinds, where some of the parties are acquitted, are not rare ; and such parties, if admissible, must usually be important witnesses for their co-defendants. Yet it is not recollected that any such application as this has been made to the court, and we are not referred to any case, here or elsewhere, where a new trial has been granted for such a cause.

It is clear that this case does not fall within the class of cases where new trials are granted on the ground of newly discovered evidence. Here the evidence is not alleged to be newly discovered, and it must, almost of necessity, have been well known, and such, as, by taking the usual course at the trial, was entirely within the party's reach ; while to entitle a party to a new trial on this ground, it is indispensable that the evidence should be such as the party did not know before the trial, and by the exercise of reasonable diligence could not have known, and in consequence could not have availed himself of at the trial. *State* v. *Carr*, 1 Foster 166.

This question was raised in New-York, in the case of *People* v. *Vermilyea*, 7 Cowen 367, in which *Savage*, C. J., says : The witness became competent in virtue of his acquittal, but the absence of all authority on the point is a strong argument against the sufficiency of this ground for granting a new trial. Such a rule would be highly inconvenient in practice. The proper course was, if the testimony against the party was slight, to have the jury pass on his case, and then introduce him on behalf of the defendant. Such testimony is not newly discovered, though the acquitted defendant is now for the first time competent as a witness. *United States* v. *Gilbert*, 2 Sumner 26 ; *Commonwealth* v. *Chamberlain*, 2 Ashmead 90 ; Breckinridge's Law Mis. 220, are cited by Wharton Crim. Law, 1034, as supporting the same doctrine ; and see 1 Wall. Arch. 178, 27.

A similar question was considered in trespass, in *Sawyer* v. *Merrill*, 10 Pick. 16 ; and it was held that if two defendants in trespass are tried together, and one is acquitted and the other convicted, a new trial cannot be granted as to the one convicted, in order that he may have the benefit of the other's testimony.

The court in effect say that the evidence is not newly discovered. It is the case of an incompetent witness having become competent. To grant the application would be to make every case of a witness becoming competent a ground for a new trial. It is not pretended that the petitioner was not aware, at the time of the trial, of the evidence of which he now seeks to avail himself. In an action of tort against several, the court may, in their discretion, direct the trial of one of them first, when it appears there is no substantial evidence against him, and if acquitted he may be a witness for the other defendants.

IV. The motion in arrest seems without foundation, since it is expressly alleged that the complaint was made and sworn to at Portsmouth; in which case the justice was by law bound to make his warrant returnable, as he is alleged to have done, before the police court.

*Judgment on the verdict.*