Hillsborough
No. 6934

STATE OF NEW HAMPSHIRE

v.

ERNEST GEORGE VARNEY

September 30, 1974

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *(Mr. Thomas D. Rath* orally), for the State of New Hampshire.

*Janelle, Nadeau & Jette (Mr. Ernest A. Jette* orally) for the defendant.

KENISON, C.J. The defendant was indicted and convicted after trial by jury of aggravated assault under RSA 585:22, the controlling statute at the time of the offense. In this appeal he moves to set aside the verdict on the ground that the assault was not an aggravated one. The defendant's exceptions were reserved and transferred by *Cann,* J. The principal question before the court is whether defendant's actions constituted an aggravated assault as that offense has been construed in this State.

On June 23, 1973, the defendant followed his former wife, Arlene Varney, to Dot's Variety Store in Nashua where she had fled for safety. Without speaking to Arlene whose life he had threatened earlier that day, he drank a soda and then departed. Soon thereafter, the defendant returned with a loaded shotgun. He approached his ex-wife, pressing the gun against her chest. She was "petrified". In her efforts to push the weapon away from her body, Arlene fell to the floor. While she was pinned to the floor, a bystander responded to her screams of terror by entering the store and taking the weapon from defendant. The only physical injury sustained by Arlene during the struggle was a bruised foot.

Defendant's basic contention is that his actions on June 23 constitute merely a simple assault due to the absence of serious bodily injury. In maintaining this position, he relies

primarily upon the judicial gloss to RSA 585:22 since the opaque language of the statute is of little utility in determining the elements of the offense in question. Rather than defining what an aggravated assault is, RSA 585:22 simply specifies the limits of punishment that may be imposed. This was recognized by the court at an early date. *State v. Bean*, 36 N.H. 122, 127 (1858). According to defendant's reasoning, the later cases elaborating RSA 585:22 make serious physical injury a requisite element of the offense since many of the cases under it entail such injury.

Although most of the cases do involve serious bodily injury, the offense of aggravated assault is not so limited. *State v. Skillings*, 98 N.H. 203, 210, 97 A.2d 202, 207 (1953); *State v. Brough*, 112 N.H. 182, 184, 291 A.2d 618, 620 (1972). The *Brough* case, upon which both the State and defendant rely, makes this point clear and disposes of the question before the court. In *Brough*, a police officer responding to a plea for help was forced from defendant's home at gunpoint. It was not clear whether the weapon carried by defendant was actually loaded but ammunition was readily available. Some testimony indicated that the weapon was not loaded and that the defendant was physically incapable of either loading or firing it. The officer suffered no physical injury whatever, but he had no assurance as to the readiness of the weapon. Under these circumstances the trial court instructed the jury that the fact the rifle was unloaded was not a defense unless the officer knew or should have known it was unloaded. In sustaining the instruction the court reaffirmed its agreement with the majority view that apparent ability to inflict serious bodily harm alone is sufficient to constitute aggravated assault. Annot., 79 A.L.R.2d 1412, 1420 (1961); Perkins, *An Analysis of Assault and Attempts to Assault*, 47 Minn. L. Rev. 71, 79 (1962); Model Penal Code § 201.10, Comment 3 (Tent. Draft No. 9, 1959); § 211.1 (Proposed Official Draft 1962).

In *Brough*, the court cited *Commonwealth v. Henson*, 357 Mass. 686, 693, 259 N.E.2d 769, 773-74 (1970), which defendant maintains is not in point due to the special statute involved. Even though that case involved an aggravated assault under the relevant dangerous weapons statute, it

nevertheless stands for the proposition that apparent ability to inflict serious physical injury by itself suffices.

In applying the apparent ability standard to the present case, it is clear that defendant's actions constituted an aggravated assault. Defendant forced a loaded shotgun against his victim's chest. The terrifying proximity of the weapon precipitated her fall to the floor and her foot was bruised in the ensuing struggle. The obviously serious danger elicited not only screams of fear from the victim but also eventual aid from a helpful bystander.

At oral argument defendant suggested that the commission's commentary to the new N.H. Criminal Code, RSA 631:2 (Supp. 1973) sustains his position that the cases decided under RSA 585:22 mandate serious physical injury for an aggravated assault. While the comment states that RSA 631:2 encompasses instances of serious bodily injury that were included under RSA 585:22, it does not indicate that that section was limited in its scope only to such offenses. The implication of the comment is to the opposite effect.

Accordingly, defendant's motion to set aside the verdict is denied and the order is

*Defendant's exceptions overruled.*

All concurred.