27  343<br>72  68

## GRIFFIN'S PETITION.

Selectmen have no authority to lay a highway in their town, where such high-way forms but a part of a highway extending into another town, the whole of which, if any, is required for the public accommodation. ¿

In such case, a petition to the court of common pleas, founded on the refusal of the selectmen to lay such part of a road, cannot be supported.

The petition alleges that " the public good requires that a highway should be laid out in the town of Hudson, in this county, beginning at a stake and stones, on the north side of the road leading from Nashua to Derry, near the graveyard in Hudson, then running to a stake and stones on land of Foster Avery, on the town line between Hudson and the town of Londonderry, and about two hundred and forty-three rods northerly from the place of beginning. That said highway is part of a more extended highway, required by the public good to be laid out over lands in said Hudson and in said Londonderry, and that although

a petition has been presented to the selectmen of said Hudson to lay out the highway above mentioned, they have neglected and refused to lay out the same," &c.

The petition was presented at the October term, 1851, and objections filed against it, which were substantially the same as are now presented to the acceptance of the report, but they were overruled. At the April term, 1852, the petition was referred to the road commissioners, who, at the October term, 1852, reported in favor of laying out the road. The following objections were made to the acceptance of the report.

The new highway is therein described as part of a more extended highway, required by the public good to be laid out over land in said Hudson and in Londonderry, in the county of Rockingham.

The selectmen of Hudson, on the alleged petition to them, had no authority to lay out this highway in Hudson, because the part asked for in Hudson was only part of the road required by the public good, if any new highway was required; and their refusal to lay out the part in Hudson is no foundation for the petition to the court of common pleas.

About two-thirds of the route showed to the commissioners was in Hudson, and the other third in Londonderry, and all the evidence at the hearing before the commissioners, applied as much to that part of the route in Londonderry as to the part in Hudson, and showed that the part in Hudson was of no use, unless the part in Londonderry was made.

At the hearing, the selectmen, clerk and records of the town of Londonderry were offered to show that a petition had been presented to the selectmen of Londonderry, for the laying out of that part of said route in Londonderry, and that they were ready to lay out that part as soon as the part in Hudson was laid out; and this evidence, though objected to, was admitted and considered.

The road laid out by the commissioners commences at the point of starting named in the petition, and runs northerly to the line of Londonderry, in the county of Rockingham, and there stops in the woods, at or near said line, and would be wholly useless, unless it was extended across said line into Londonderry.

*Parker*, for the petitioners.

*Emerson*, for the town of Hudson.

BELL, J. The question raised by this case relates to the jurisdiction of the selectmen of a town to lay out a public highway within their town, where the highway applied for forms part of a more extended route passing through other towns. The form of the petition, and the facts stated in the case, show this to be such a highway. The only objection urged is, that the road asked for in Hudson is only a part of a more extended road, required by the public good, if any new highway is required; and, therefore, the petition ought to have been presented, in the first instance, to the court of common pleas, which alone has jurisdiction to lay out such a road.

The statute provisions on this subject are found in the Revised Statutes, ch. 49, § 1, and ch. 50, §§ 1, 4, 5. By the first, " selectmen, upon petition, are authorized to lay out any new highway, or to widen and straighten any existing highway *within* their town for which there shall be occasion, either for the accommodation of the public or of the party applying."

By section 1 of chapter 50, " Petitions relative to roads may be presented to the court of common pleas, in term time, or to the clerk, in vacation, in the following cases:

1. Whenever the selectmen shall neglect or refuse to lay out or widen and straighten a highway in their town.

3. When there shall be occasion to lay out or widen

and straighten a highway over lands in two or more towns, one of which is in the county where the petition is presented.

Other cases are enumerated not material here.

Section 4 provides that "if no sufficient objection be made, all petitions [to the court of common pleas] relating to roads, shall be referred to the road commissioners of the county, except where the proposed highway shall pass over lands in two or more counties;" and by section 5, "in such cases the petition shall be referred to the road commissioners for all such counties," &c.

Though the language of the first section quoted seems very broad and unqualified, giving to the selectmen power to lay out *any* new highway within their town for which there shall be occasion; and section 1 of chapter 50 seems to give an option to present petitions for new highways in two or more towns to the court of common pleas, by the expression "Petitions may be presented to the court of common pleas," &c., yet the court are of the opinion that it was the intention of the statute to give to selectmen jurisdiction to lay out highways only in those cases where the whole road, required to be laid out for the public accommodation, is situated within the limits of their town. They consider the power given to the courts of common pleas and road commissioners to lay out new roads, extending over lands in two or more towns, as exclusive; and that the selectmen have, in such cases, no concurrent jurisdiction with them as to those parts of such proposed roads which lie within their towns. They regard this objection as fatal to the jurisdiction of the selectmen, and, consequently, to that of the court of common pleas, in cases founded upon the neglect or refusal of the selectmen to lay out such road.

Exceptions to the jurisdiction of the courts or other tribunals, relating to the subject-matter of their jurisdiction, cannot be waived by any omission or neglect of the party to take the exception; indeed, there is no pretence of such waiver

in this case, since these objections were seasonably made in the court below; nor can the defect be obviated or cured by any act of the parties, since consent can never confer jurisdiction; nor by any ruling or decision of the court itself, since all its proceedings are extra-judicial, *coram non judice ;* and they are, consequently, fatal at whatever stage of a cause the party may seek to take advantage of them. *The State* v. *Richmond,* 6 Foster's Rep. 232.

The objection here is of this class; it touches the subject-matter of the jurisdiction of the selectmen and the appellate jurisdiction of the common pleas, and the report must, therefore, be rejected and the petition dismissed.