## STATE *v.* RICKER.

The police court has jurisdiction to hear and determine, in cases of complaints for offences committed within the county, where the warrant on which the respondent is arrested is issued in the town, and made returnable before that court.

COMPLAINT for assault and battery, committed at Somersworth, by the respondent, a resident of Somersworth, upon the complainant, a resident of Dover. The complaint was signed and

sworn to at Dover, before a justice of the peace resident in Dover, who issued a warrant returnable before the police court of Dover. On being arraigned in that court the respondent entered a plea to the jurisdiction, that the offence alleged, if committed, was "committed in Somersworth, in said county of Strafford, within the jurisdiction of a justice of the peace for said county, and not in Dover, in said county, within the jurisdiction of said court," and that he has "always resided, and now resides, in said Somersworth, and not in Dover."

To this plea the complainant, in behalf of the State, filed a general demurrer, in which the respondent joined. The police court sustained the demurrer, and ordered the respondent to answer over. On pleading not guilty, and being convicted, he appealed to this court, and now moves to be discharged, for the reasons alleged in his plea to the jurisdiction of the police court.

*Jordan,* for the defendant.

By the first section of chapter 185 of the Compiled Statutes, a "police court" is established in each town in this State which may adopt the act in the manner prescribed in the 12th section, and empowered to take cognizance of all crimes, offences and misdemeanors committed within said town of which justices of the peace have jurisdiction.

1. This court has no other jurisdiction in criminal matters than that given by this section of the statute, and this limits it to crimes committed in the town where the court is established.

2. The case finds the crime committed in Somersworth and not in Dover.

3. The 2d, 3d and 4th sections do not enlarge the criminal jurisdiction of the court. They define its power and authority in civil causes, and provide that all writs and warrants issued within such town shall be returnable before said court, and not before any justice of the peace in the town.

4. The provisions of the statute, limiting the powers of justices of the peace in the town having a police court, requiring the town to pay the police justice, furnish court room, and to

State *v.* Ricker.

receive all the fees, clearly indicate the intention of the Legislature to make the court exclusively a town affair.

*Doe*, Solicitor, for the State.

The respondent contends that the jurisdiction of police courts is limited by the clause in the law of 1852, ch. 1282, sec. 1, (Comp. Stat., ch. 185, § 1,) " to take cognizance of all crimes, offences and misdemeanors *committed within said town.*"

That clause expresses the chief cause and object of establishing police courts, but does not give nor limit their jurisdiction. It does not allude to their jurisdiction in civil cases, and is not an enacting clause concerning their powers and duties; is in fact merely an incorrect preamble.

Section 2 gives the general power to " hear and determine all suits, complaints and prosecutions, in like manner as * * * justices of the peace." This is an express grant of jurisdiction in all criminal cases which a justice might try.

Section 3 gives jurisdiction in all civil cases which might be tried by any justice in the county. No reason appears in the statute, or in the nature of the case, why police courts should not have the same jurisdiction as justices of the peace in criminal as well as in civil cases. In this county the construction contended for by the respondent would occasion great inconvenience, delay and expense.

Section 4 provides that " all warrants issued * * * by any justice of the peace within such town, shall be made returnable and shall be returned before said court." If police courts can not take cognizance of offences committed out of their own towns, justices of the peace within such towns cannot issue warrants in such cases. Can a statute, intended only to give police courts exclusive jurisdiction to try a certain class of cases, be construed thus indirectly to deprive justices of the peace in the towns where such courts are established, of their power to issue warrants in all other cases? If the power of justices in such towns to issue warrants is not confined to cases occurring in such towns, the power of police courts to try cases is not thus

limited, for " all warrants issued * * * within such town * * * shall be returned before said court."

Section 5 is like sections 38 and 39, ch. 87, Rev. Stat. of Massachusetts, with the addition of " to such town" in the fourth line. And it is argued that the insertion of " to such town" shows an intention to confine jurisdiction in criminal cases to such town. But if " all fines, forfeitures and all costs" * * * " shall be paid over to such town," officers and witnesses will be deprived of their fees, as well as the county of its fines. The only reasonable and consistent construction is, that the phrase, "to such town," is modified, explained and controlled by the words immediately following, " in the same manner and under the same penalties for neglect as are by law prescribed in the case of justices of the peace." The only manner and penalties prescribed by law are that " every justice shall pay over to the town or county to which any fine or forfeiture accrues, every such fine or forfeiture," &c. Comp. Stat., ch. 237, sec. 11. There being no manner nor any penalty for neglect prescribed whereby justices of the peace are to pay to a town costs which belong to individuals, or fines which belong to another town, or to the county, there is no such duty prescribed by this section for police courts. The phrase, " in the same manner and under the same penalties," &c., " gives this section the same meaning it would have if " to such town" had been omitted. The insertion of " to such town" was a mistake, which, by this construction, is rendered harmless.

The last clause of section 5, " that all costs in such prosecutions, not thus received, shall be made up, taxed, certified and allowed, and shall be paid and satisfied in like manner as provided by law in cases of justices of the peace," is taken from Rev. Stat. of Massachusetts, ch. 87, sec. 39. The manner of taxing, certifying, paying, &c., there referred to, is fully provided by the Rev. Stat. of Massachusetts, ch. 141, secs. 3 and 4. But our statutes contain no such provision, and this clause is therefore inapplicable and inoperative in this State. And the same is true of the whole of section 4, except the first two and

State *v.* Ricker.

a half lines. These errors show that in framing sec. 16 of the act establishing the city of Manchester, Laws 1846, ch. 384, from which the general act of 1852, establishing police courts, was copied, the Massachusetts statutes were followed too closely, and varied too loosely. And the irregularity of the first five sections of the act of 1852 is so general as to justify the most liberal construction of particular expressions, in view of the evident purpose of the whole act.

BELL, J. The general purpose of the statutes establishing police courts can hardly be mistaken. The number of justices of the peace in our larger towns had become so increased, and the business consequently so divided, that it was not worthy the attention of persons who were well qualified to discharge the duties of the office. It became, therefore, desirable to establish a single court, with the jurisdiction of a justice of the peace ; to exclude other magistrates generally from acting as such, and to provide a suitable compensation for the justice of such court, sufficient to secure the service of a competent magistrate. To effect this purpose, provision was made for the appointment of a police justice, and an associate, to act where the former was from any cause unable. Jurisdiction in civil cases was broadly given " of all suits and actions," triable before a justice of the peace, and writs were forbidden to be made returnable before justices of the peace in the town, and cognizance of all crimes, offences and misdemeanors committed within the town, and falling within a justice's jurisdiction. The court thus constituted is required to hear and determine all suits, complaints and prosecutions, in like manner as justices of the peace, and the town is required to pay to the judge a suitable annual salary. Comp. Stat. 444, ch. 185.

If the statute had stopped here, the jurisdiction would seem to be confined to cases of offences " committed within the town." But the first clause of the fourth section provides that " all warrants issued by said court, or by any justice of the peace within such town, shall be made returnable and shall be returned before said court."

State *v.* Ricker.

The controversy in this case is, whether this provision confers any additional authority beyond that given by the first section. And we think no reasonable doubt can be entertained that the cases required to be returned to the police court are to be there heard and determined. No other purpose could be answered by their being so returned ; and as no magistrate could have jurisdiction to try a party arrested upon a warrant, unless the process was returned before him, it would follow that in cases where the warrant is returned before the police court, the examination or trial must be had there, or not at all. By section 2, also, the police court is required to hear and determine all suits, complaints and prosecutions, in like manner as is by law provided for the exercise of the powers and authority which are or may be vested in justices of the peace, and justices must hear and determine all cases of a criminal character, in which the warrant is properly returned before them. The same duty seems imposed on the police justice by this section.

It is, however, contended that the language of this section, " all warrants," is not to be understood as extending further than to the class of cases mentioned in the first section, " offences committed within such town," as if it had read, " all warrants in the cases aforesaid." But there does not seem to be any just ground for making such an exception. The language is entirely unqualified, and it could not have been introduced by any oversight. Where the language applies to all cases, it cannot be properly restricted to a part, unless the obvious and natural meaning would be inconsistent with the context. No such inconsistency appears. The first section gives " cognizance of all crimes, and offences, and misdemeanors, committed within the town," but it contains no word indicating that the court might not by other provisions have jurisdiction of cases arising elsewhere.

The mischiefs designed to be provided for by the institution of the new court, were by no means confined to cases arising in the town. They existed equally in cases arising any where, and stood in need of the same remedy ; and the rules of construc-

tion require that, in cases of doubt, that construction should be preferred which best obviates the mischiefs and advances the remedy contemplated by the statute. 1 Kent's Com. 463.

An argument is drawn from the provision in relation to the payment of fines, forfeitures and costs to the town, but it strikes us with no force. It seems to have been the design of the law to throw upon the town the expense of maintaining the police court, and to allow it the fines, forfeitures and costs, as to some extent an indemnity, just as is done as to counties in the case of other courts. If the costs are paid to the town, and there is any portion of them which they are not entitled to retain, as the fees of sheriffs and witnesses, they are of course to be paid over to those to whom they belong.

*Motion dismissed.*