## STATE v. DIVOLL.

In an indictment for perjury it must be distinctly alleged, in some form, that the accused was sworn.

"Made and subscribed in open court, wickedly, falsely, willfully, corruptly and knowingly, the following false and corrupt oath, which is in substance as follows"; setting out the affidavit, is not a sufficient allegation that the party was sworn.

It is not material in what part of an indictment a necessary averment is found, if it is otherwise sufficient.

INDICTMENT FOR PERJURY. The indictment alleged that the defendant commenced an action of assumpsit against Ira Atwood, which was entered at the Court of Common Pleas, at Amherst, the third Tuesday of April, 1859; the defendant appeared and pleaded that upon the instrument sued, being a note of three hundred dollars, dated December 24, 1853, ten dollars over and above the rate of six dollars on a hundred dollars for a year was taken, reserved and secured; and offered to verify his plea by his oath,

with a like plea as to another note sued.   The action was continued, and transferred to the Supreme Judicial Court, and, at the May term, 1860, the defendant filed replications to said pleas, and denied thereby that he, said Divoll, directly or indirectly took or secured from said Atwood, for the lending, &c., of the sum sued for, &c., any interest above the rate of six dollars for one hundred dollars for one year, and that he had not directly or indirectly, willingly taken or secured in and by said note, sued and described in said first count, &c., any interest above the rate, &c. ; and a like replication as to the second count, &c.   And thereupon it became and was a material question in said suit, between, &c., before said court,.&c., and to be sworn to by said John L. Divoll, whether any interest above, &c., was taken or secured by, &c., and said John L. Divoll, on the 23d day of May, 1860, at, &c., by his own act and consent in said, &c., court, so held, &c., while said court was open, made and subscribed in said open court, before, &c., the said court last named then and there having competent and sufficient power and authority to administer an oath to said J. L. Divoll in that behalf, wickedly, falsely, willfully, corruptly, and knowingly, the following false and corrupt oath, which is in substance as follows :  I (meaning, &c.), J. L. Divoll, of, &c., on oath declare and say that I, (meaning, &c.), have not at any time, directly or indirectly, willingly taken or secured on the money sued for in the action of J. L. D. v. I. A., (meaning, &c.), pending, &c., any interest above the rate of six dollars on one hundred dollars for one year, &c., whereas in truth, &c. (negativing the statements of the oath); and so the said J. L. Divoll, at, &c., on, &c., knowingly, &c., in manner, &c., did commit willful and corrupt perjury, &c.

There was a general demurrer.

*G. Y. Sawyer*, and *I. A. Eastman*, for the defendant.

*J. B. Clark, Solicitor*, for the State.

BELL, C. J.   By the Revised Statutes (ch. 217, sec. 4), it is provided that in every prosecution for perjury, or subornation of perjury, it shall be sufficient to set forth the offense charged, before what court or person such oath or affirmation was taken, and that such court or person had competent authority to administer the same, with proper averments to falsify the matter wherein the perjury is assigned, without setting forth otherwise than as aforesaid, any record or other proceeding in law, or in equity, or the commission or authority of such court or person before whom the perjury was committed.   It is objected to the indictment in this case, that it is not alleged that the suit was founded upon any instrument for the recovery of any debt, or damage, and consequently it did not appear that it was a case in which, by law, such an oath as was alleged could be either admissible, or material.   But it seems to us that there is no foundation in fact for this objection. In the allegation that the respondent commenced an action in court, the cause is set forth in the most general terms, without any allusion

to any instrument as the foundation of the action; but in setting forth the pleas of usury, it is distinctly stated that the action is founded upon notes, the dates and amounts of which are given, and in the statements of the replication, the notes declared upon and mentioned in the pleas, are distinctly stated; and in the oath recited, they are again distinctly referred to, so that we think it can not be said that it is not distinctly alleged that the action was brought for the recovery of two promissory notes clearly enough described. We do not deem it material in what part of the indictment any material fact is alleged. If it is any where clearly stated, that is sufficient. But no allegation of this kind need be stated. Under the statute recited, it would be enough to allege, that at the court, &c., held, &c., a certain issue there duly joined came on to be tried between said D., plaintiff, and one A., defendant, by said court, and thereupon certain questions then and there became and were material, that is to say, whether the said D. had at any time, directly or indirectly, willingly taken or secured on the money sued for in said action, any interest above the rate of six dollars on one hundred dollars for one year, and whether said D. had at any time, directly or indirectly, taken or secured in and by a certain note for three hundred dollars, dated the 24th day of December, 1853, mentioned and described in the first count in said D.'s declaration in said action, any interest above the rate, &c., and the said D. was then and there admitted to testify, and was then and there duly sworn by said court (the said court having competent power and authority to administer an oath to said D. in that behalf), and the said D. being so sworn as aforesaid, then and there before said court, upon his oath aforesaid, falsely, wickedly, willfully, and corruptly, did say, depose and swear, and make affidavit in writing by him subscribed, in substance and to the effect following, that is to say, I, J. L. D., &c., whereas in truth, &c.

A second objection is, that the indictment contains no averment of the administration of an oath to the defendant. The allegation is merely that the defendant made and subscribed the following false oath, reciting it. There is no averment that he was sworn.

Every fact and circumstance necessarily stated in an indictment, must be laid positively, that is, the indictment must directly affirm that the defendant did so and so, or that such a fact happened under such and such circumstances. It can not be stated by way of recital, that whereas, &c., or the like. 2 Hawk. P. C., ch. 25, sec. 60; 1 Show. 337; 1 Salk. 371; 2 Ld. Raym. 1363; 1 Wat. Arch. 87; 2 Stra. 900; 3 Mod. 53; Bac. Ab., Indict. G, 1; 1 Burr. 40; 1 Ch. Cr. L. 236. The want of a direct allegation of any thing material in the description of the substance, nature, or manner of the offense, can not be supplied by any intendment or implication whatever; and, therefore, in an indictment for murder, the omission of the words *ex malitia præcogitatâ*, is not supplied by the words *felonice murdravit*, although the latter words imply them. 2 Hawk. P. C., ch. 25, sec. 60; 1 Wat. Arch. 87, sec. 1.

So in an indictment for perjury, it must appear that the defendant

was regularly sworn.   2 Ch. Cr. L. 309 ; Whart. Cr. L. 169 ; Russ. Cr. 1286 ; 9 East 537.

All the forms contain this allegation, though the phraseology varies.   Thus we find, was sworn and took his corporal oath ; Whart. Prec. 279, 285, &c., to 320; 2 Ch. Cr. L. 172 to 262; Arch. Cr. Plead. 312, 317, 318 ;  C. C. C. 572, 575, &c., to 624;  was in due manner sworn and took his oath ; Whart. Prec. 284, 286, 294, 314 ; was in due manner sworn and did make affidavit in writing and take his corporal oath ; Whart. Prec. 290 ; was in due manner sworn to make true answers ; Whart. Prec. 291; 2 Ch. Cr. L. 179; was then and there duly sworn ; Whart. Prec. 294, 316 ; did take his corporal oath and then and there did swear ; Whart. Prec. 300, 304 ; 2 Ch. Cr. L. 202 ; was legally sworn ; 2 Swift Sys. 834 ; took his solemn affirmation ; Whart. Prec. 305 ; took his corporal oath ; 2 Ch. Cr. L. 184, 189, 195, 258; C. C. C. 568 ; did take his oath ; 2 Ch. Cr. L. 185 ; and in no form which has come under our observation is this allegation omitted.

By the statute (Rev. Stat., ch. 190, sec. 3; Comp. Stat. 491), a deduction is to be made, where usury is pleaded, "unless the creditor will swear that he has not, directly or indirectly, willingly taken or secured on the money sued for, or secured in and by the instrument sued, any interest above the rate aforesaid."   It is the fact of swearing to this statement that saves the penalty.   The oath, the statement, its materiality, and its falsehood, are the vital things to be alleged in an indictment like this.   That the party was sworn must be alleged distinctly and positively.   It is not enough to state it argumentatively, or to make such a statement as by inference implies that a party was sworn, however strong the implication may be. For this defect

*The demurrer must be sustained.*