MARCH 13,
1875.                    STATE *v.* KENNISON.

*Complaint—Jurisdiction of Police Courts.*

A complaint for rude, indecent, or disorderly conduct, under ch. 252, sec. 1, Gen. Stats., must show that the acts charged as constituting the offence were committed in a street, lane, alley, or other public place; and it is not sufficient to allege that they were done openly, and in the presence of divers persons.

It seems that the jurisdiction of police courts does not extend to offences committed in another town or city where there is also a police court,— exclusive cognizance of such offences being given by Gen. Stats., ch. 234, sec. 8, to the police court of the town where they are committed.

This is an appeal from the decision of the police justice of the city of Concord. The complaint was made to H. P. Rolfe, a justice of the peace throughout the state, who resides at Concord, by John C. Cashman, of Pittsfield, and charges that on the 13th day of July, 1874, the defendant, at said Pittsfield, with force and arms, " was then and there guilty of certain rude and indecent conduct, by openly, rudely, and indecently saying to the said John C. Cashman, in the presence of divers persons, as follows : [setting out rude, obscene, and indecent language]—contrary to the form of the statute," &c.

The complaint was dated July 15, 1874, and a warrant was issued by said Rolfe, returnable July 20, 1874, before the police court of Concord.

The respondent was fined $10 and costs by said Concord police court, from which judgment the respondent appealed to the circuit court. It was agreed that said Cashman and said Kennison both reside in Pittsfield, and that the words complained of were spoken in Pittsfield, if spoken at all; also, that there is, and was long before the making of said complaint, and ever since has been, a police court, with a judge and other proper officers duly qualified to act, and actually doing business as a police court in said Pittsfield. The state offered to prove that the police court of Pittsfield was organized under ch. 196, Gen. Stats., and also that said Kennison was tried before said police court in Concord, and took no exceptions to its jurisdiction, but first made this objection upon its entry in the circuit court.

The respondent moved to dismiss said proceedings upon the following grounds :

I. The complaint does not charge or describe any offence known to the laws, or any crime over which said police court of Concord had any jurisdiction, or any authority to hear and determine.

II. That upon these facts the police court of Pittsfield alone had congnizance of the offence charged in this complaint, if any offence is properly charged.

The questions of law arising upon the foregoing agreed statement of facts were transferred by FOSTER, C. J., for the determination of this court.

*Flanders*, solicitor (with whom was *Mugridge*), for the state.

*Sargent & Chase* and *Bartlett*, for the defendant.

LADD, J. It seems to me very clear that this complaint must be dismissed, for the reason that it contains no sufficient description of the offence sought to be charged under the statute. The statute is,—

" No person shall make any brawl or tumult, or, in any street, lane, alley, or other public place, be guilty of any rude, indecent, or disorderly conduct," &c. Gen. Stats., ch. 252, sec. 1. The material averment, that the alleged offence was committed in a street, lane, alley or other public place in Pittsfield, is entirely wanting. The words might have been spoken openly and in the presence of divers persons as stated in the complaint, and still the place where they were spoken might answer none of the definitions of a street, lane, alley, or other public place. As to the place where they were spoken, the complaint is silent. I think the defect is material and cannot be cured by amendment.

This view makes it unnecessary to inquire whether the defendant was too late in taking his objection to the jurisdiction of the police court of Concord, or whether that court had jurisdiction; although on the latter question it is difficult to see how there can be much doubt, when the statute expressly gives exclusive cognizance of all crimes and offences committed in a town where there is a police court, to such court. Gen. Stats., ch. 234, sec. 8. Of course, where an offence is committed in a town in which no police court has been established, the police court of any other town has the same jurisdiction with respect to it as justices of the peace. *State* v. *Ricker*, 32 N. H. 179; *State* v. *Bean*, 36 N. H. 122. But this does not affect the question of jurisdiction of an offence committed in a town where there is a police court. The statute certainly seems to me so explicit as to admit of but one construction, whatever may have been the practice. The police court of Concord cannot have jurisdiction of offences committed within the territorial limits of Pittsfield, because exclusive cognizance of such offences is given to the police court of the latter town.

CUSHING, C. J., concurred.

SMITH, J. 1. It is not enough to subject a person to punishment that he be guilty of rude, indecent, or disorderly conduct, unless the offence be committed in some public place. The statute does not prohibit such conduct, except in a public place. It being material, then, to prove that the offence was committed in a public place, it is essential that it should be so alleged; and unless alleged, the offence is insufficiently set forth. The want of a direct allegation of everything material in the description of the substance, nature, or manner of the offence, cannot be supplied by any intendment. *State* v. *Divoll*, 44 N. H. 142.

2. Police courts have exclusive cognizance of all crimes and offences committed within the town in which such court is established, so far as justices of the peace have jurisdiction. Gen. Stats., ch. 234, sec. 8.

If the police court of Pittsfield has exclusive jurisdiction of offences committed in that town, how can the police court of Concord acquire jurisdiction of this case? The language of the statute is so clear as to leave no room to hang a doubt upon.

The respondent's neglect to plead to the jurisdiction of the police court of Concord when arraigned in that court did not help the matter. Where jurisdiction is wholly wanting, it cannot be conferred by consent. *Griffin's petition*, 27 N. H. 346.

*Complaint dismissed.*