Hillsborough, } No. 3139.
April 15, 1940.

WOLF KLEIN & SONS, INC. *v.* MAURICE BRONSTEIN.

*Sullivan, Dolan & Dudley (Mr. Dolan* orally), for the plaintiff.

*Samuel A. Margolis*, by brief and orally, for the defendant.

PAGE, J.   It is suggested, though without the record, that counsel for the plaintiff consented to the hearing of the set-off and waived all objections to the court's jurisdiction in that respect.   Irregular procedure in a court having jurisdiction of the subject-matter may be waived by a party.   *Kimball* v. *Fisk*, 39 N. H. 110; *Harris* v. *Parker*, 66 N. H. 324.   But waiver cannot confer jurisdiction of the subject-matter where it does not exist.   *Little* v. *Dickinson*, 29 N. H. 56, 61; *State* v. *Kennison*, 55 N. H. 242; *Mansfield* v. *Holton*, 74 N. H. 417, 421.   The question of the jurisdiction to pass upon the set-off is before us.

The defendant relies upon the case of *Arcadia Knitting Mills, Inc.* v. *Company*, 89 N. H. 188, as authority for his contention that he is equitably entitled to maintain his claim for a set-off.   In the case cited it was held that equity and justice required the court to take jurisdiction of a set-off against the plaintiff, a foreign corporation not doing business in New Hampshire, hence not subject to service here.   The set-off was an unliquidated claim of the defendant against the plaintiff, and the rights and dealings of no third party were involved.   The equitable ground for permitting the litigation of the set-off was the hardship to the defendant of pursuing his remedy in a foreign jurisdiction after the plaintiff had invoked the jurisdiction of the defendant.

In the case now presented, the set-off was not originally a claim of the defendant against the plaintiff, but that of the defendant's brother, a stranger to the controversy upon which this action was brought.   With apparent design to help this stranger and to embarrass the plaintiff in the collection of an undisputed claim, the defendant immediately prior to the beginning of suit took from his brother an assignment of a claim against the plaintiff which the defendant then knew to be in dispute.

If Harry had desired to bring an action on it, he would have had to go to New York. As far as the set-off is concerned, the defendant has no more equitable right to invoke the jurisdiction of our courts than was possessed by Harry. It is no more a hardship for him to sue in Harry's name in New York than it would have been for the assignor in whose shoes he stands. In this case the equities lie with the plaintiff.

Since the answer to the first question is, no, the second question requires no consideration.

*Case discharged.*

All concurred.