Cheshire
No. 81-015

## 590 Realty Co., Ltd.

v.

## City of Keene

April 2, 1982

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Hanna* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the City of Keene.

DOUGLAS, J. The issue in this tax abatement case, RSA 76:17 (Supp. 1981), is whether the master erred in excluding the value of certain features of the plaintiff's medical clinic from the building's fair market value.

The plaintiff, a limited partnership, built and owns property housing the Keene Clinic. The structure, located adjacent to the Cheshire County Hospital, was designed as a clinic.

The City of Keene assessed the property as a clinic, including in its fair market value the building's many specialized features. The plaintiff disputed this assessment and petitioned the superior court for abatement of real estate taxes for the years 1973 through 1979. The Superior Court (*Pappagianis*, J.), approving the Master's (*Mayland H. Morse, Jr.*, Esq.) recommendation, entered a decree in the plaintiff's favor, abating its taxes, because the taxpayer had demonstrated by a preponderance of the evidence that its taxes were disproportionately higher than those of other property owners within the taxing district. *See Stevens v. Lebanon*, 122 N.H. 29, 32, 440 A.2d 451, 453 (1982). The City of Keene appealed. Because we conclude that the master committed an error of law, *see New England Power Co. v. Littleton*, 114 N.H. 594, 599, 326 A.2d 698, 701 (1974), we reverse.

■ Under RSA 75:1 (Supp. 1981), all taxable property shall be appraised "at its full and true value." *See Milford Props., Inc. v. Town of Milford*, 119 N.H. 165, 168, 400 A.2d 41, 43 (1979). Property is to be valued at its "best and highest use." *See Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 203, 400 A.2d 55, 56 (1979); *New England Power Co. v. Littleton*, 114 N.H. at 597–98, 326 A.2d at 700. The parties have agreed that the highest and best use of the property is as a clinic. As this case illustrates, however, the search for fair market value is not an easy one, and is akin to "a snipe hunt carried on at midnight on a moonless landscape." *Fusegni v. Portsmouth Housing Auth.*, 114 N.H. 207, 211, 317 A.2d 580, 583 (1974) (citation omitted).

■ In this case, the parties agreed to compute fair market value as reproduction cost less depreciation, *see Stevens v. Lebanon*,

122 N.H. at 31–32, 440 A.2d at 453, a method of valuation which we have recognized as valid. *Paras v. Portsmouth*, 115 N.H. 63, 67, 335 A.2d 304, 308 (1975). The parties, however, do not agree how reproduction cost should be computed. The plaintiff believes the "special purpose items" which make the building a clinic should be excluded from the reproduction cost figure, but the city asserts they should be included.

■ The master adopted the plaintiff's theory. He reasoned that because certain specialized features of the building were "obsolete" and "non-saleable," the property was not saleable as a clinic and therefore should have been assessed at a lower value. Nothing in our case law indicates that property should be assessed at a value lower than its highest and best use simply because its design and equipment are not the most modern available. Excluding the special features of the plaintiff's building would transform the property into something other than a clinic. The city's expert put it this way: "[I]f these items . . . were not in this building, it would not be a clinic, so you would not be appraising a clinic, you'd be appraising something else."

■■ When property is appraised, all factors relevant to its value should be considered, *Paras v. Portsmouth*, 115 N.H. at 67–68, 335 A.2d at 308, including special architectural features and equipment. Although it may be difficult to estimate, the special features and equipment have *some* market value. "[T]o hold there is no market value . . . would mean that valuable property would entirely escape its just share of the burden of taxation." *Public Service Co. v. New Hampton*, 101 N.H. 142, 146, 136 A.2d 591, 595 (1957).

The master also refused to assess the plaintiff's building at its fair market value because he believed the building could not be resold as a clinic and therefore had no fair market value as such. He reached this conclusion because the doctors associated with the clinic when suit was brought represented "about 85% of the total medical practitioners in the area. . . ." Although this fact may be true, it does not establish the absence of a market. We have examined the record and found nothing indicating that the building could not be sold as a clinic.

■ Because he found that the building could not be sold as a clinic, the master refused to assess it as a clinic in order to avoid taxing the personal value to the owner. We agree that worth to the owner alone is not the appropriate standard for taxation, *see Trustees &c. Academy v. Exeter*, 92 N.H. 473, 481, 33 A.2d 665, 670–71

(1943); however, "transmissible value" can be taxed. *See Public Service Co. v. New Hampton,* 101 N.H. at 147, 136 A.2d at 596. The record does not support the master's finding that the specialized features of the plaintiff's clinic have no transmissible value. The record indicates the opposite: twenty-nine of the clinic's thirty-two offices are filled; the building is in a prime location; and Stuart Blakeley, Administrator of the Keene Clinic, testified that the building has "functioned well" as a clinic, although certain features could have been "designed more efficiently."

■ The plaintiff should be taxed on its property's fair market value, and fair market value encompasses "use of the property for the special purpose for which it has been constructed and is being employed. . . ." *Amoskeag-Lawrence Mills v. State,* 101 N.H. 392, 399, 144 A.2d 221, 226 (1958) (citation omitted) (definition of fair market value for eminent domain purposes was in harmony with definition for tax purposes). The master erred in granting an abatement to the plaintiff by excluding from taxation those features which make the clinic a clinic. Only personalty on the premises should be excluded from the real estate's fair market vlaue.

*Reversed and remanded.*

All concurred.