Rockingham
No. 83-051

### VIRGILIJUS MARTINONIS AND REGINA MARTINONIS

v.

### TOWN OF KINGSTON

December 16, 1983

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*Anthony A. McManus & a.* on the brief, and *Christopher A. Wyskiel* orally), for the plaintiffs.

*Shute, Engel & Morse P.A.*, of Exeter (*Lynn D. Morse* on the brief and orally), for the defendant.

PER CURIAM.   The sole issue in this tax abatement case is whether the plaintiffs sustained their burden of proving, by a preponderance of the evidence, that the assessments of their real property, for the years 1975 and 1978 through 1981, were disproportionate. We hold that the plaintiffs sustained their burden and therefore affirm.

The plaintiffs acquired two separate commercial properties in Kingston in 1969. In each year in question, the Town of Kingston (town) placed an assessed value on the properties for tax purposes and then applied the applicable tax rates. The plaintiffs disputed the assessments and instituted the appropriate administrative proceedings for each disputed year. Having exhausted their administrative remedies, the plaintiffs petitioned the superior court for an abatement of real estate taxes pursuant to RSA 76:17 (Supp. 1981). All five actions were consolidated for trial. The Superior Court

(*Nadeau*, J.) approved the Master's (*R. Peter Shapiro*, Esq.) recommendations and entered a decree granting tax abatements for the disputed years. The town appealed.

At trial, the plaintiffs sought to prove that their properties were being taxed disproportionately to other properties in the community by establishing the value of their properties for the years in question and then applying the applicable tax rates. The master found that the parties "agreed [upon] the 'proportionality factor' supplied by the State in each of the tax years appealed . . . ." At the hearing the master had indicated that the issue before him was only fair market value and not the percentages of proportionality. Counsel so agreed.

To determine the value of their properties, the plaintiffs relied on the so-called "income approach." The town utilized the "cost less depreciation" and the "comparable sales" approaches to establish the fair market value.

■ "Plaintiffs have the burden of showing that the assessment placed on the subject property was disproportionately higher in relation to its true value than was the case as to other property in the [town]." *Berthiaume v. City of Nashua*, 118 N.H. 646, 647, 392 A.2d 143, 144 (1978). The town argues that the master erred in relying exclusively on the "income approach" to determine the value of the plaintiffs' property and that, had the master considered the "comparable sales" and "cost less depreciation" approaches, the plaintiffs could not have satisfied their burden of proof as to disproportionality. The town's argument is without merit.

■ "The statutes of the State are silent about the methods to be used in the valuation of property for taxes, and this court therefore permits considerable leeway." *Appeal of Anderson*, 120 N.H. 749, 751, 422 A.2d 1043, 1045 (1980). "In abatement petitions, the trial court is empowered to make a determination of the subject property's market value, and all evidence before the court relating to valuation should be considered." *Brickman v. City of Manchester*, 119 N.H. 919, 920, 409 A.2d 1328, 1329–30 (1979) (citations omitted). "There are three generally-accepted methods of valuing real estate: the replacement cost [cost less depreciation] approach, the comparable sales method, and the capitalization of income approach." *Town of Croydon v. Current Use Advisory Bd.*, 121 N.H. 442, 446, 431 A.2d 126, 129 (1981). "However, the court is not foreclosed from choosing a particular method to the exclusion of others." *Brickman v. City of Manchester, supra* at 920, 409 A.2d at 1330.

■■ In the instant case, the master considered all three methods of valuation. He stated that, given the condition of the sub-

ject property, "[t]he least reliable approach to value is that of 'cost less depreciation.'" He further stated that although the "'market data—comparable sales' approach to value tends to be the most reliable, . . . [the] method is not the most reliable for the subject property." The master's report discusses several good reasons for relying on the "income" approach rather than the alternative methods. The determination of which method of valuation to use in assessing particular property is for the trial court, and "we will not overturn [its] decision if there is a reasonable basis for using the valuation method chosen." *Town of Croydon v. Current Use Advisory Bd., supra* at 446, 431 A.2d at 129.

*Affirmed.*