Board of Tax and Land Appeals
No. 83-263

## APPEAL OF TOWN OF PLYMOUTH
### (New Hampshire Board of Tax and Land Appeals)

July 2, 1984

142

*Kenneth R. Phillips* and *Laurel E. Phillips*, of Beverly, Massachu-setts (both on the brief, and *Ms. Phillips* orally), plaintiffs, pro se.

*Daniel D. Crean*, of Concord, by brief and orally, for the Town of Plymouth.

KING, C.J.   This tax abatement dispute presents five issues: (1) do the plaintiffs have standing as owners of an undivided interest in the common area of a condominium to seek an abatement of the real estate tax assessed on their interest in the condominium common property; (2) are items of personalty purchased by the plaintiffs with the real estate, including ski passes, home furnishings, and rental and cleaning charges, taxable as real estate under RSA 72:6; (3) did the plaintiffs sustain their burden of proving that they were taxed disproportionately; (4) was the decision of the New Hampshire Board of Tax and Land Appeals granting a tax abatement to the plaintiffs supported by sufficient findings of fact; and (5) was the rehearing procedure adequate? For the reasons that follow, we affirm.

The plaintiffs, Kenneth R. Phillips and Laurel E. Phillips, are the owners of a condominium unit and an undivided 15.81 percent interest in condominium common property in the Stone Manor building of Tenney Mountain Village in Plymouth. The plaintiffs applied for an abatement of 1981 real estate taxes levied by the Town of Plymouth (town) against both their condominium unit and their interest in the condominium common property. The plaintiffs' property was assessed at $21,300. The plaintiffs contended that this assessment represented an improper increase over the prior assessment of the property as an apartment house.

The Plymouth Board of Selectmen denied the application for abatement. The plaintiffs appealed to the New Hampshire Board of Taxation (board of taxation), which also denied the abatement request. The board of taxation found that the assessment was not disproportionate to the assessments of other property in the town.

The New Hampshire Board of Tax and Land Appeals (board), the successor to the board of taxation, granted the plaintiffs' motion for rehearing. The board reasoned that several details from an essentially parallel case involving practically identical properties had been treated inadvertently in the plaintiffs' case, thereby necessitating a rehearing.

At the rehearing, the plaintiffs contended that the purchase price of the condominium unit, which the town relied upon in assessing the value of the plaintiffs' property, should be reduced by $7,100, representing the value of several items of personalty improperly included in the purchase price: ski passes with a value of $3,600, furnishings of $1,000, and rental and cleaning charges of $2,500.

These items of personalty, the plaintiffs argued, could not be taxed as real estate under RSA 72:6. We agree.

The board found that these items were non-taxable personalty and thus could not be included in the valuation of the plaintiffs' property. Therefore, the board deducted $7,100 from the $35,000 purchase price of the property for purposes of this assessment and calculated the full market value of the real property to be $28,900. Accordingly, after applying the appropriate equalization factor of .57, the board ruled that the proper assessed valuation of the plaintiffs' property was $16,500. The board, therefore, reversed the earlier decision of the board of taxation denying the abatement and ordered the town to refund to the plaintiffs the taxes paid, if any, on the original valuation of the property to the extent it exceeded the proper assessed valuation of $16,500.

■ While we accept the method of valuation used by the board to arrive at the full market value of the property and the corresponding assessment, we note, however, that the board's calculation itself is mathematically incorrect. The correct full market value of the real property is $27,900. Therefore, the proper assessment of the property should be $16,000, rounded. Accordingly, the abatement award should be increased to represent that amount in excess of $16,000.

The town's motion for a rehearing before the board was denied. The town appeals, urging this court either to overturn the board's decision granting the tax abatement and reinstate the original decision by the board of taxation denying the abatement or, alternatively, to remand the case to the board for further fact-finding.

The first issue which was raised by the town in its motion for rehearing is whether the plaintiffs have standing to seek an abatement of the tax levied on their undivided 15.81 percent interest in the condominium common property. The town asserts that a party with an equal undivided share of condominium common property cannot pursue an abatement without the interests of the other owners of the common property being represented at the abatement proceeding (it should be noted that the association of condominium unit owners in this case, as an independent entity, does not own an interest in the condominium common property). The town's argument is specious.

■ We agree with the plaintiffs that the terms of RSA 76:16 and RSA 76:16-a, I (Supp. 1983) convey standing to the plaintiffs to maintain this tax abatement action. All persons aggrieved by the amount of real estate tax levied against their property may seek an abatement from the selectmen or assessors. RSA 76:16. If the

selectmen neglect or refuse to abate, the taxpayers may appeal to the board of tax and land appeals. RSA 76:16-a, I (Supp. 1983).

The plaintiffs are persons directly aggrieved by the town's tax assessment and should be allowed to maintain this abatement action "because they were the owners [of the property] at the time the tax was levied and [since] they have allegedly suffered the injury of being disproportionately assessed." *Langford v. Town of Newton,* 119 N.H. 470, 472, 403 A.2d 414, 415 (1979). In *Langford,* this court said that taxpayers have standing to maintain a tax abatement appeal in superior court under the terms of RSA 76:17 (Supp. 1977). RSA 76:17 (Supp. 1977) used almost identical language as RSA 76:16-a, I (Supp. 1983) uses in providing for taxpayer appeals to the superior court of tax abatement denials made by town selectmen or assessors. Simply because the town, for reasons of its own, deems it "appropriate" that all ownership interests in condominium common property be represented at a tax abatement proceeding concerning a single undivided interest in the common property, the plaintiffs should not be denied standing.

The second issue raised by the town is whether the board erred in excluding the items of personalty from the purchase price value of the condominium, as non-taxable under RSA 72:6. The town contends that these items are so intrinsically tied to the use of the real property that they run with the land and confer a taxable benefit upon the real property. The town further argues that since these questioned items have no value separate and apart from the use of the condominium, they constitute a portion of the value of the plaintiffs' condominium interests.

We are unable to characterize the ski passes, furnishings, and rental and cleaning charges at issue as "intimately intertwined" with the primary use of the condominium property. *See King Ridge, Inc. v. Sutton,* 115 N.H. 294, 299, 340 A.2d 106, 110 (1975) (ski lifts which are intimately intertwined with land used as winter ski area are taxable real estate under RSA 72:6). These items are not specialized intrinsic features which make the condominium in question function as a condominium. *See 590 Realty Co., Ltd. v. City of Keene,* 122 N.H. 284, 286–87, 444 A.2d 535, 536 (1982) (specialized features of clinic are taxable because the clinic would not exist without these special architectural features and equipment).

Instead, the items have worth to the owner alone because they are distinct from the value of the condominium property which would necessarily be transferred to a purchaser. *See Public Service Co. v. New Hampton,* 101 N.H. 142, 147, 136 A.2d 591, 596 (1957) ("transmissible value" is material to a determination of the value of

property for tax assessment purposes). Therefore, we conclude that the items in question are personalty and that the board properly excluded the value of these items from the condominium purchase price value. *See 590 Realty Co., Ltd. v. City of Keene supra.*

Third, the town argues that the plaintiffs failed to sustain their burden of proving that the assessed valuation of their property was disproportionately higher in relation to its true value than that of other property in Plymouth. *See Martinonis & a. v. Town of Kingston,* 124 N.H. 304, 469 A.2d 1332 (1983).

Taxation of items of property which are necessarily exempt from real estate taxation constitutes, as a matter of law, disproportionate taxation. *See Stevens v. City of Lebanon,* 122 N.H. 29, 32, 440 A.2d 451, 453 (1982); *Sisters of Mercy v. Hooksett,* 93 N.H. 301, 311, 42 A.2d 222, 229 (1945). In the instant case, the plaintiffs, in successfully demonstrating that the pertinent items of personalty were entitled to an exemption from taxation which was not granted by the town, were entitled to an abatement without proof that their property was valued disproportionately. *See id.* "Exemption is as good a ground for abatement, to the extent shown, as is a disproportional assessment . . . ." *Id.*

The attempt by the plaintiffs, without benefit of counsel, to produce evidence before the board that the town had assessed their condominium property disproportionately does not amount to a concession that the items of personalty were taxable and thus does not act to waive the plaintiffs' exemption claim.

Fourth, we turn to the town's argument that the decision of the board, on rehearing, granting the plaintiffs' abatement application was arbitrary and capricious because it was not supported by sufficient findings of fact. Specifically, the town contends that the board failed to provide sufficient reasons for its departure from the earlier decision of the board of taxation that upheld the valuation used by the town and denied the plaintiffs' abatement request.

The board's decision discloses a clear and specific basis for the board's finding that the valuation of the plaintiffs' property was improper and that an abatement was warranted. *See Appeal of Harvey Road Assoc's,* 122 N.H. 24, 26, 440 A.2d 11, 12–13 (1982). The board corrected the prior mistake of the board of taxation and found that the method of valuation used by the town "must be adjusted to reflect the non-taxable personalty transferred in the original transaction . . . . [and that] items of personalty are not included in the derivative land value assessment." Accordingly, the board concluded that the questioned items of personalty must be

deducted from the valuation of the property and a corresponding abatement be awarded.

The town's argument is further undercut by its failure to appear at the board rehearing and request specific findings of fact to clarify the issues.

■ We conclude that the findings of the board sufficiently supported its decision.

■ Finally, we find meritless the town's assertion that the nonparticipation in the board rehearing by those members of the board of taxation who originally denied the plaintiffs' abatement request renders the board's decision invalid. First, the town failed to appear at the rehearing to object to the composition of the board. Second, there is no authority for the proposition that the presence of only two of the three members appointed to the board constituted an insufficient quorum. Third, the town has made no showing of inherent unfairness in the rehearing process.

*Affirmed.*

All concurred.