Board of Tax and Land Appeals
No. 84-556
No. 84-559

APPEAL OF NET REALTY HOLDING TRUST

APPEAL OF ROLLSWORTH TRI-CITY TRUST
(New Hampshire Board of Tax and Land Appeals)

August 16, 1985

*Wiggin & Nourie*, of Manchester (*W. Wright Danenbarger* and *Edward L. Cross, Jr.*, on the brief, and *Mr. Cross* orally), for the plaintiffs.

*Shaheen, Cappiello, Stein & Gordon P.A.*, of Dover (*Dorothy M. Bickford* on the brief and orally), for the defendant, the City of Somersworth.

BATCHELDER, J.   In this appeal, the plaintiffs, Net Realty Holding Trust and Rollsworth Tri-City Trust, seek reversals of decisions of the board of tax and land appeals (the board) denying them abatements of taxes assessed by the defendant, the City of Somersworth. We reverse and remand.

These cases were consolidated on appeal because they both present the questions whether the board in issuing its orders below acted without a quorum and, if so, whether this defect may be raised

for the first time on appeal. We decide both questions in the affirmative, and we therefore do not address the other grounds for relief advanced by the plaintiffs.

Under RSA 71-B:1 (Supp. 1983), the board consists of four members. At the time of the hearings below, the board had three members, there being one vacancy due to the recent death of chairman Bittenbender. By the time the orders were issued, this vacancy had been filled and the board again had full membership.

"A majority of the board shall constitute a quorum to transact business, but no order or decision shall be made except by concurrence of a majority of the board." RSA 71-B:6, I (Supp. 1983). "[W]hen there is a vacancy [in a public body], unless a special provision is applicable, a quorum will consist of the majority of the members remaining qualified." P. MASON, MANUAL OF LEGISLATIVE PROCEDURE § 501, at 337 (1970). While these cases were *heard* by a quorum, they were not *decided* by a quorum because only two of the four members of the then full board issued the orders. That at least three members were required to issue these orders is a conclusion not only required by the quorum requirements of RSA 71-B:6, I (Supp. 1983), but also supported by the procedures of RSA 541-A:19 (Supp. 1983). This latter statute provides that, "[i]f a majority of the officials of [an] agency who are to render the final decision in a contested case have not heard the case or read the record," the parties shall have an opportunity to present their cases orally and by brief to these officials. This statute thus establishes the mechanism by which the newly appointed member of the board could have become able to participate in the deliberations below and to satisfy thereby the quorum requirement of RSA 71-B:6, I (Supp. 1983). We therefore hold that the board improperly acted without a quorum in both cases.

■■ The issue thus arises whether the absence of a quorum may be raised for the first time on appeal. Resolution of this issue turns on whether this defect, apparent on the face of the record of the proceedings below, deprived the board, so constituted, of jurisdiction over the plaintiffs' appeals. *See Cooperman v. MacNeil*, 123 N.H. 696, 700, 465 A.2d 879, 881 (1983). "Irregular procedure in a court having jurisdiction of the subject-matter may be waived by a party. But waiver cannot confer jurisdiction of the subject-matter where it does not exist." *Klein v. Bronstein*, 91 N.H. 42, 43, 13 A.2d 149, 149 (1940) (citations omitted). "[A]ny action taken by a court without jurisdiction is void and may be challenged at any stage of the proceedings." *Cooperman v. MacNeil supra.*

No New Hampshire authority squarely addresses the question of whether the absence of a quorum in an administrative agency is a jurisdictional defect. The plain meaning of RSA 71-B:6, I (Supp. 1983) and the law of other jurisdictions, however, lead us to conclude that the presence of a quorum is a jurisdictional requirement of adminstrative deliberations, and that this question may therefore be raised for the first time on appeal.

■ RSA 71-B:6, I (Supp. 1983) provides: "A majority of the board shall constitute a quorum to transact business . . . ." The statute's plain meaning is that, absent the presence of a majority of the board, it cannot transact business or issue any orders or decisions and is therefore powerless to act. This conclusion is necessitated by the very definition of the word quorum: "The number of members who *must* be present . . . before business may be transacted." BLACK'S LAW DICTIONARY 1130 (5th ed. 1979) (emphasis added); *see* P. MASON, MANUAL OF LEGISLATIVE PROCEDURE § 500, at 335 (1970) ("A quorum of any deliberative body, [including] . . . an administrative board . . . , must be present in order to transact business, and to make its acts valid."). The plain meaning of RSA 71-B:6, I (Supp. 1983) thus compels the conclusion that the presence of a quorum is a precondition to the lawful exercise of the board's authority. We deem this to be a jurisdictional limitation.

■■ Other states that have addressed this issue appear uniformly to hold that the action of a public body lacking the authority of a quorum is void. *Wheeler v. River Falls Power Co.*, 215 Ala. 655, 657, 111 So. 907, 909 (1926); *Louisville & Jefferson County Plan. & Z. Com'n v. Ogden*, 210 S.W.2d 771, 774 (Ky. Ct. App. 1948); *Petition of Kinscherff*, 89 N.M. 669, 671, 556 P.2d 355, 357 (1976); *May-Day Realty v. Zon'g Bd. of Pawtucket*, 77 R.I. 469, 77 A.2d 539 (1950); *Gaskins v. Jones*, 198 S.C. 508, 513, 18 S.E.2d 454, 456 (1942). We believe this to be the correct rule of law, and we therefore reverse.

Finally, we note that the defendant's reliance on *Appeal of Town of Plymouth*, 125 N.H. 141, 479 A.2d 1388 (1984), is misplaced. In that case, we considered the question of whether "the non-participation in the board rehearing by those members of the board . . . who originally denied the plaintiffs' abatement request" denied the plaintiffs a meaningful rehearing. *Id.* at 147, 479 A.2d at 1391. The issue of whether a quorum had been present had not been raised. Language in the opinion referring to a quorum requirement is therefore dictum.

*Reversed and remanded.*

All concurred.