Salem District Court
No. 86-394
Nashua District Court
No. 86-396

GETTLER–RYAN, INC.

v.

PETER T. KASHULINES, JR., AND BIG 3 CORPORATION

GETTLER–RYAN, INC.

v.

PETER T. KASHULINES, SR., AND BIG 3 CORPORATION

October 15, 1987

*Welts and White P.C.*, of Nashua (*Jack S. White* and *Martha L. Smith* on the brief, and *Mr. White* orally), for the plaintiff.

*Winer, Pillsbury & Bennett*, of Nashua (*Robert W. Pillsbury* on the brief and orally), for the defendants Peter T. Kashulines, Sr., and Peter T. Kashulines, Jr.

PER CURIAM. At issue in these cases is whether the Salem (*Beaumont*, S.J.) and Nashua (*Gauthier*, J.) District Courts properly denied the defendants' motions to dismiss while granting the plaintiff's motion for summary judgment, thereby recognizing a default judgment for the plaintiff issued by the Municipal Court for the Oakland-Piedmont Judicial District, County of Alameda, California. We remand.

One defendant, Big 3 Corporation (Big 3), is a New Hampshire corporation that contracted with the United States Department of the Navy to repair a fuel facility at the Oak Knoll Naval Hospital in Oakland, California. The plaintiff, Gettler-Ryan, Inc. (Gettler-Ryan), is a California corporation that subcontracted with Big 3 to supply labor and materials for the Oak Knoll project during April and May, 1984. The defendants Peter T. Kashulines, Sr., and Peter T. Kashulines, Jr., corporate officers of Big 3, executed a payment bond as sureties for Big 3, in the amount of $19,495. The parties bound themselves to the United States government and agreed to pay for all the labor and materials supplied on the Oak Knoll project.

Alleging that it was not paid for the work it performed at the Oak Knoll project, Gettler-Ryan filed a complaint for damages for breach of contract and for recovery on the payment bond in the California municipal court on July 16, 1985, naming Big 3 and the Kashulineses as defendants. The defendants were properly served under the California long-arm statute, but neither appeared nor defended in the California action, and a judgment for the plaintiff

by default was entered on October 21, 1985, in the amount of $8,018.85.

In February, 1986, Gettler-Ryan petitioned both the Salem and Nashua District Courts to attach the Kashulineses' property, requesting that the California judgment be afforded full faith and credit. Gettler-Ryan moved for summary judgment. The Kashulineses moved to dismiss, alleging that (1) Gettler-Ryan's claim was subject to the Miller Act, 40 U.S.C. § 270a *et seq.* (1982); (2) the California municipal court lacked subject matter jurisdiction to hear a Miller Act claim; (3) Gettler-Ryan failed to file suit within the one-year time period allotted for such a claim; and (4) Peter T. Kashulines, Jr., did not consent to a modification of Gettler-Ryan's work order, and his obligation as surety was therefore discharged. Both district courts denied the Kashulineses' motions to dismiss, stating that "[t]he Court finds that the judgment issued in California must be recognized and the defenses raised by the defendant should have been raised at [the] time of the proceedings in California." The district courts granted Gettler-Ryan's motions for summary judgment and petitions to attach.

The Kashulineses appeal to this court, requesting that the district courts' judgments, affording the California judgment full faith and credit, be reversed. They argue, as they did below, that (1) Gettler-Ryan's claim is a Miller Act claim; (2) the Miller Act confers exclusive subject matter jurisdiction on the federal courts; (3) Gettler-Ryan's claim is now barred by the statute of limitations; and (4) Peter T. Kashulines, Jr.'s obligation to Gettler-Ryan was discharged.

The Miller Act provides for the furnishing of bonds by contractors for public buildings or works and for suit on such bonds in the federal courts. Gettler-Ryan asserts that its original claim was not based on the Miller Act, but on common law contract principles and the California Civil Code. Furthermore, Gettler-Ryan argues that this court should not reverse the district courts' judgments because those courts must have concluded, based on the evidence presented, that the plaintiff's claim was appropriately based on common law contract principles rather than on the Miller Act.

The judgment of a court of a sister State is entitled to "full faith and credit if, but only if, that court had jurisdiction of the subject matter and of the person." *Paragon Homes, Inc. v. Gagnon,* 110 N.H. 279, 280, 266 A.2d 207, 208 (1970). The Kashulineses challenge the subject matter jurisdiction of the California court.

Therefore, this State must inquire into the California court's jurisdiction.

■■ The defendants are not barred from raising the issue of subject matter jurisdiction by their failure to raise defenses initially in the California proceeding. An objection to the subject matter jurisdiction of a court may be made at any stage of the proceedings. *Cooperman v. MacNeil,* 123 N.H. 696, 700, 465 A.2d 879, 881 (1983). "[W]aiver cannot confer jurisdiction of the subject-matter where it does not exist." *Appeal of Net Realty Holding Trust,* 127 N.H. 276, 277, 497 A.2d 865, 866 (1985) (quoting *Klein v. Bronstein,* 91 N.H. 42, 43, 13 A.2d 149, 149 (1940)).

■ A review of the district courts' opinions leaves doubt that the jurisdictional aspect of the defendants' claim was decided. In the face of the Kashulineses' contention that the Miller Act applies and that exclusive jurisdiction, pursuant to that Act, exists in the federal courts, we remand both cases to the district courts for determination of whether the California court properly had jurisdiction over Gettler-Ryan's claim. If the district courts determine that the claim was based appropriately on common law contract theories and the California Civil Code and is outside the Miller Act, the California judgment will be entitled to full faith and credit. If not, the motions to dismiss should be granted.

*Remanded.*