In the Matter of FRANCIS McGOVERN, Appellant; CARL O. OLSON, Respondent.

Argued October 6, 1943; decided October 13, 1943.

*Robert E. Whalen* and *Morris Zuckman* for appellant. Petitioner properly brought the Olson nomination before the Special Term for review. (*Matter of Taylor* v. *Redmond,* 239 App. Div. 112; *Matter of Dallinger,* 169 Misc. 150, 255 App. Div. 721; *Matter of Frankel* v. *Cheshire,* 212 App. Div. 664; *Matter of Trosk* v. *Cohen,* 149 Misc. 298, 240 App. Div. 825, 262 N. Y. 430; *Matter of Vona* v. *Cohen,* 150 Misc. 649, 240 App. Div. 827, 262 N. Y. 706; *Matter of Wicksel* v. *Cohen,* 262 N. Y. 446.) Upon the face thereof the Olson certificate of nomination was invalid, while the Nugent certificate was valid. (*Matter of McGrath,* 189 App. Div. 140; *Matter of Murphy,* 189 App. Div. 135; *Matter of Lindgren,* 232 N. Y. 59; *Matter of Willcocks,* 7 Cow. 402; *Matter of Webster Loose Leaf Filing Co.,* 240 F. 779; *Matter of Kaplan* v. *Cohen,* 260 App. Div. 396, 284 N. Y. 633.

*Frank L. Wiswall* and *Edmund A. Koblenz* for respondent. Respondent's special appearance should have been sustained and the proceeding dismissed. (*Klenert* v. *Iba,* 17 Misc. 69; *Felix* v. *Josephthal,* 76 Misc. 267; *Boston Nat. Bank* v. *Armour,* 50 Hun, 176; Election Law, § 319-c; *Schiller* v. *Weinstein,* 45 Misc. 591; Rules Civ. Prac., rule 60.) Respondent's nominating certificate fully complies with the law. (Election Law, §§ 131, 139.) The matter contained in the alleged petition relating to the filing of a nomination certificate subsequent to the Olson certificate of nomination, did not give the court at Special Term jurisdiction to uphold the Nugent certificate. (*Matter of Schermerhorn,* 141 Misc. 228.) The alleged petitioner having defaulted in proof to substantiate his objections filed with the Board of Elections may not be heard to complain before the Supreme Court. (*Matter of Dallinger,* 169 Misc. 150, 255 App. Div. 721.) The proceeding has no merit. (*Matter of Aurelio* v. *Cohen,* 266 App. Div. 603, 291 N. Y. 645.) The court at Special Term erred in sustaining the Nugent certificate. (*Matter of Schermerhorn,* 141 Misc. 228; *Matter of Multer* v. *Cohen,* 156 Misc. 564, 245 App. Div. 856; *Matter of Dallinger,* 169 Misc. 150, 255 App. Div. 721.)

DESMOND, J. At the fall primaries held in August of this year the same number of votes was cast for each of the two candidates for the American Labor Party nomination for the office of supervisor, First Ward, City of Watervliet. Thereafter, to fill the vacancy, there were filed in the office of the County Commissioners of Elections, two purported designating certificates, one for each of those same two candidates. Written objections were filed to each such certificate. One of those certificates, purporting to designate respondent Olson as the nominee, was signed by two of the four persons who were then members, in and for that ward, of the county committee of the American Labor Party. That certificate was acknowledged before a notary public, and in it and in an attached affidavit were statements by the two signers that they were " a majority of a quorum " of the members of the county committee last elected by the American Labor Party in the First Ward of the city of Watervliet, New York. (See Election Law, § 139.) That Olson certificate has been held valid by the Board of Elections, invalid by Special Term and valid by the Appellate Division. We hold that it is on its face fatally defective because it is signed by the two committeemen individually and not " by the presiding officer and secretary of the committee." The requisites of a certificate to fill such a vacancy, caused by a tie vote at a fall primary, are found in the third and fourth paragraphs of section 139 of the Election Law. That section, besides calling for the signatures of a chairman and a secretary on such a certificate, requires also (in the absence of appropriate party rules) that the filling of the vacancy must be by " a majority of a quorum " of the committeemen of the party in and for the ward. By dictionary definition and in common parlance a " quorum " means such a number of the members of any body as is, when duly assembled, legally competent to transact business. The word " quorum " implies a meeting, and so the action must be group action, not merely action of a particular number of committeemen as individuals. A quorum of a four-member body is three, and a majority of three is two. Thus in this instance compliance with section 139 required that there be a duly assembled meeting of at least three of the four committeemen and that at least two of them vote for the designee. Not only does the Olson certificate lack any reference to a meeting or a chairman or secretary thereof

but also the statement of the two signers of the Olson certificate that they were '' a majority of a quorum '' is negatived by the statements in an affidavit offered in support of the Olson certificate which affidavit shows that no such meeting was held.

The written objections to the Olson certificate were not abandoned or waived by the failure of the objectant himself to appear in person before the Commissioners. Objectant's counsel did there appear in support of the objections. There was no need for more since the infirmities of the Olson certificate were patent.

The other certificate, designating Nugent as the nominee, complies on its face with all the requirements of section 139 and we agree with Special Term that it should not have been rejected by the Election Commissioners. We hold that the Election Commissioners were not required first to pass on the objections to the Olson certificate, which was filed first, before taking up the objections to the Nugent certificate. It was proper for the Commissioners to consider both certificates at the same hearing.

The Election Commissioners exhausted their powers when they passed on so much of the objections as pointed to alleged defects on the face of the certificates. They had no power to deal with objections '' involving matters not appearing upon the face of the papers.'' (*Matter of Frankel* v *Cheshire,* 212 App. Div. 664, 671.) Such extrinsic matters could only be determined in court proceedings. (Election Law, § 330.) Such an extrinsic question was properly raised by respondent Olson, when in his answer to the petition in this proceeding, he alleged that the meeting, described in the Nugent designating certificate and in the petition in this proceeding, was not in fact held. At the Special Term hearing, however, respondent Olson produced no proof in support of that allegation. Thus the Nugent certificate, complete and sufficient as it was on its face, stood unimpeached at the close of the court proceedings and designee Nugent was entitled to an order declaring him the nominee.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur.

Ordered accordingly.