**TOBIN, Secretary of Labor, v. RAMEY.**

**No. 14370.**

United States Court of Appeals
Fifth Circuit.

Aug. 31, 1953.

William S. Tyson, Sol., Washington, D. C., Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., Harry N. Routzohn, Sol., William A. Lowe, Sylvia S. Ellison, Attys., U. S. Dept. of Labor, Washington, D. C., for appellant.

Robert E. Leake, Jr., New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee seeks a rehearing because the opinion in this case was written by a judge who did not sit during the oral argument. The petition asserts that the right of appeal contemplates a determination "in the Court of Appeals by at least three judges who have participated in the appellate hearing of the case." It further contends as follows:

"True, 28 USC 46(c) provides that in the courts of appeals, cases shall 'be heard and determined by a court or division of not more than three judges,' implying at first blush, when read out of context, that the hearing may be by less than three; but section 46(b), immediately preceding, states that 'in each circuit the court may authorize the hearing and determination of cases and controversies by separate divisions, each consisting of three judges,' thus fixing the number at that minimum." Citing Western Pacific Railroad Corp. v. Western Pacific Railroad Co., 345 U.S. 247, 73 S.Ct. 656.

The absent judge was a member of the division of the court, consisting of three judges, which had been assigned to sit during the week that this case was argued and submitted, and the writing of the opinion was assigned to him by the two judges who heard the oral argument. His absence was due to the fact that on Monday morning of that week, while on his way to court, he met with a traffic accident, and was confined in a hospital when this case was argued orally. A majority of the number of judges thus authorized to constitute the court was present, heard the oral argument, and participated in the decision, as provided in 28 U.S.C. § 46(c) and (d).

Said section 46, Title 28, in substance, provides that circuit judges shall sit on the court and its divisions in such order and at such times as the court directs; that each circuit court may authorize the hearing and determination of cases by separate divisions, each consisting of three judges, unless a hearing or rehearing is ordered befor the court *en banc*; and that a majority of the number of judges authorized to con-stitute the court or a division thereof shall constitute a quorum. Section 46(d) in full is as follows: "A majority of the number of judges authorized to constitute a court or division thereof, as provided in paragraph (c), shall constitute a quorum."

In note 3 of its petition for rehearing, the appellee says: "This court's own Rule 36 provides expressly 'that whenever a full bench of three judges shall not be made up * * * so many of the district judges as may be necessary to make up a full court of three judges are hereby designated and assigned to sit in this court.'" This contention fails to notice the final clause of the single sentence that constitutes said rule 36. The entire rule is as follows:

"It is ordered that whenever a full bench of three judges shall not be made up by the attendance of the associate justice of the Supreme Court assigned to the circuit, and of the circuit judges, so many of the district judges, as may be necessary to make up a full court of three judges, are hereby designated and assigned to sit in this court; provided, however, that the court may, at any time, by particular assignment, designate any district judge to sit as aforesaid."

The basic portion of this rule was formerly statutory, having been a part of the act of March 3, 1891, 26 Stat. 827, c. 517, § 3, as amended by the act of March 3, 1911, 36 Stat. 1132, c. 231, which is Section 120 of the Judicial Code that was approved March 3, 1911. The statute provided that the several district judges within each circuit should be competent to sit as judges of the circuit court of appeals within their respective circuits; and that, in case the full court at any time should not otherwise be made up, one or more district judges within the circuit should sit therein as members of the court. No designation by the senior circuit judge was required. The statutory basis as to the general competency of district judges to sit upon the court of appeals of their respective circuits, without any special designation by the chief circuit judge, was repealed by the Judicial Code, approved June 25, 1948, which be-

came effective September 1, 1948. See Schedule of Laws Repealed, § 39, Revision of Title 28, United States Code, approved June 25, 1948. Prior to said Code of 1948, the circuit courts of appeals, by rule or particular assignments, designated the district judges to sit whenever a full bench of three judges was not in attendance upon that court; but Section 292(a) of the code of 1948 sets out an entirely new procedural legislative provision; it provides for the designation of district judges to sit upon the court of appeals whenever the business of that court so requires, the designation to be made by the chief judge of the circuit and to be in conformity with the rules or orders of the court of appeals.

Rule 36, above quoted, must be read in consonance with said section 292(a); and designations or assignments by the chief judge must be in conformity with said rule and section. See also Section 43(b) and Section 46 of the Judicial Code of 1948. In the instant case, there was no designation or assignment of any district judge to sit on the court of appeals, and the court continued to be constituted of the three circuit judges who had been assigned to sit for that week although one of them was absent during the oral argument. Section 294(d) of said Title 28 provides that no retired justice or judge shall perform judicial duties except when designated and assigned. While no similar provision is in Section 292, it is implied that no district judge shall sit upon a court of appeals or a division thereof unless designated and assigned by the chief judge so to do.

It will be noted that rule 36 does not designate all district judges or any particular district judge to sit in this court, but only so many as this court may, at any time, by particular assignment, designate to sit as aforesaid; and the whole rule is limited by the final provision for a particular assignment and designation of any district judge. No statute authorizes a district judge to sit in the court of appeals of any circuit except Sections 43(b) and 292, Title 28, of the United States Code. Section 292, so far as applicable to this case, is as follows:

"(a) The chief judge of a circuit may designate and assign one or more district judges within the circuit to sit upon the court of appeals or a division thereof whenever the business of that court so requires. Such designations or assignments shall be in conformity with the rules or orders of the court of appeals of the circuit."

No designation or assignment by the chief judge of any district judge to sit upon this Court was in effect at the time of the oral argument or decision of this case. What then is the meaning of Section 46(d) of Title 28 of the United States Code, which provides that a majority of the number of judges authorized to constitute a division of the court, as provided in paragraph (c), shall constitute a quorum? The word *quorum* as therein used means such a number of the members of the court as may legally transact judicial business. The term arose from the Latin words which were used in the commission formerly issued to justices of the peace in England, by which commission it was directed that no business of certain kinds should be done without the presence of one or more of certain justices specially designated. Webster's International Dictionary.

Compare Ayrshire Collieries Corp. v. United States, 331 U.S. 132, 138, 67 S.Ct. 1168, 1171, 91 L.Ed. 1391, where the court contrasted the statute creating courts of appeals with the statute creating three-judge district courts. The latter made no provision for a quorum of less than three judges. The court said: "Two judges of a three-judge circuit court of appeals, on the other hand, ordinarily constitute a statutory quorum for the hearing and determination of cases. 28 U.S.C. 212, 28 U.S.C.A. 212." Also compare Alltmont v. United States, 3 Cir., 177 F.2d 971, at page 973, certiorari denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375, wherein the court said: "The number of judges authorized under paragraph (c) to constitute the United States Court of Appeals for the Third Circuit *en banc* being seven, four or more of them are clearly a quorum under paragraph (d)."

Accordingly, we think the petition for rehearing should be denied; and it is so ordered.