WILLIAM C. BRAY *et al. vs.* PETER J. BARRY *et al.*

MAY 13, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition for a writ of certiorari to review the action of the school committee of the city of Pawtucket in suspending the petitioners as teachers in the school system of said city. The writ was issued and in compliance therewith the committee has made due return of its records. Simultaneously with the issuance of the writ we ordered a stay of the suspension pending the hearing of the case on its merits.

It appears from the record that petitioners William C. Bray, Arsen Shamshoian, Mary A. Kelly, Matthew Bozek, Mary K. Cullen and Paul N. Dargie are all teachers within the school system of the city of Pawtucket with service ranging from nine to thirty-one years; that all were directed to appear at a special meeting of the school committee on October 8, 1959, the purpose of which meeting was "for the consideration of the soliciting letter sent by teachers to parents of children in the Pawtucket Public Schools"; that petitioners appeared at the meeting as directed; that the questioning by the committee involved petitioners' activities as members of the political action committee of the Pawtucket Teachers' Alliance in connection with the mailing of a political letter to the parents of students; that the attorney representing petitioners stated that since the purpose of the questioning was an attempt to require petitioners to degrade and incriminate themselves, they would on his advice refuse to answer; and that petitioners questioned individually did so decline. The meet'ng was then adjourned without any action being taken by the committee.

It further appears that by letter dated October 27, 1959 they were individually *requested* by respondent Peter J. Barry, chairman of the Pawtucket school committee, to appear at a special meeting of said committee to be held on October 29, 1959 for the purpose of discussing "possible infractions of School Committee Rules and Regulations or policy"; and that on receipt of this communication petitioners consulted counsel who replied to the committee by letter dated October 28, 1959. Hereinafter respondent Barry will be referred to as the chairman.

The substance of counsel's communication to the committee was to the effect that the notice was too short; that he would be unable to be present; that newspaper accounts indicated the possible absence of a quorum; that the attendance of petitioners would be purely voluntary; that

the position of counsel and petitioners in the matter of the political circular had been stated at the meeting of October 8; that he assumed the meeting called for October 29 would be open and relate to the same subject; that petitioners had been harassed by statements of committee members appearing in the public press; that the meeting called for October 29 constituted more harassment; that further discussion should await determination of the certiorari proceedings pending in the supreme court in the case of one of the teachers bearing on the issue at hand; that he failed to see how the proper administration of the school department would be served by the committee's expressed intention to discuss possible infractions of school committee rules and regulations or policy in public; and that for the reasons stated the petitioners on advice of counsel declined to attend the meeting of October 29.

The clerk's record of the meeting on October 29 discloses that the chairman read to the committee the letter received from petitioners' counsel and suggested that since the letter of October 27 had *requested* petitioners to attend and that the request had been refused, the committee should proceed either to *direct* petitioners to attend a subsequent meeting or forget the incident completely. After some discussion as to when such a meeting should be held it was voted to direct petitioners, individually as teachers, to appear at a meeting on November 5, and thereafter by letter petitioners were individually notified that they were *directed* to attend the special meeting called for that date.

On calling the meeting to order the chairman announced that it would be a private discussion between the committee and teachers and therefore not open to the public or press. It appears that petitioners represented by counsel had complied with the directive and were in attendance.

After a discussion between counsel and the committee as to the authority of the latter to question petitioners, the provisions of the statutes, the city charter, and the rules of

the school committee, counsel for petitioners stated that he would object to such questions as he considered improper and reserved the right of his clients not to answer. Counsel asked that those members of the committee who by statements to the newspapers had indicated they were prejudiced against petitioners disqualify themselves, to which the chairman replied in substance that there were no charges, that the proceedings did not constitute a hearing, and that until and if a hearing was held the question of disqualification would not be considered.

The petitioners were questioned singly and in the absence of each other. The transcript reveals that all petitioners answered some of the questions, but in response to a number of questions counsel objected, whereupon petitioners would stand mute. It appears that on such occasions the question was not renewed. At the conclusion of the questioning the committee recessed for deliberation in private and on reconvening the chairman announced that the committee was of the opinion that it had the right to ask the questions which petitioners had not answered, and that, for their failure to answer, the committee had voted to suspend petitioners from November 9 to December 4, 1959.

The petitioners contend that the vote of respondents suspending them was wholly illegal for the reasons that it was against the law, against the evidence and the full weight thereof, and was not supported by the record. These reasons are more specifically set forth in their contentions in substance as follows:

1. The vote was illegal in that it was not taken in compliance with the provisions of the Pawtucket city charter.

2. A teacher may not be suspended except for good and just cause, after a hearing which may be public or private in the discretion of the teacher, general laws 1956, §16-13-4.

3. No statement of cause for suspension was given at least one month prior to the close of the school year, peti-

tioners having been peremptorily directed to appear at an executive meeting.

4. Even after demand by petitioners through counsel that the respondents state the charges against them, no charges were specified, the chairman replying in lieu thereof that there were no charges and that the committee merely desired to ask questions.

5. The transcript shows that petitioners did not refuse to answer, but simply stood mute when counsel objected to a question, and that when objection was made respondents did not press for an answer.

6. The respondents Kenneth W. Douglas, Jr. and Annie R. Buckley having removed from the city were not legally qualified members of the committee, public laws 1953, chap. 3238, sec. 9, and the resulting vacancies not having been filled as provided in said chapter and section the committee was not properly constituted at the time of the meeting and therefore was without jurisdiction.

The petitioners' first four contentions are without merit. They were considered and decided adversely to the petitioner in a companion case which was heard with the instant case. See our opinion filed this day in *Royal* v. *Barry*, 91 R. I. 24.

The petitioners' fifth specific contention goes to the merits of the controversy and is not properly before us in these proceedings. The legislature which has plenary powers in all questions relating to education has provided an adequate remedy within the statute fixing the jurisdiction of school committees. We held in *Royal* v. *Barry, supra,* that although suspension of a school teacher must be for good and just cause, §16-13-5, the committee is empowered to suspend for whatever cause it deems to be good and just, the legal sufficiency thereof being the basis of a subsequent hearing if requested by the teacher concerned. If as a result of a hearing the teacher affected thereby fails of vin-

dication, an appeal would lie to the commissioner of education, §16-39-2.

The circumstances of the case at bar are readily distinguishable from those in *Royal* v. *Barry, supra.* In that case no reason for the suspension was given, and in failing to do so the school committee exceeded its jurisdiction. However, in suspending petitioners here the committee gave as its reason therefor an alleged refusal to answer questions submitted to them by the committee. These petitioners were fully apprised of the grounds for their suspension and the sufficiency of those grounds goes to the merits of the cause to be determined by the remedy heretofore outlined.

The petitioners' remaining contention is that respondents Kenneth W. Douglas, Jr. and Annie R. Buckley were not residents of the city of Pawtucket having moved therefrom, and that the vacancies thus resulting as provided in P. L. 1953, chap. 3238, sec. 9, not having been filled, the committee was illegally constituted and not qualified to act. The respondents answered that Kenneth W. Douglas, Jr. had not removed from the city, and although conceding that Annie R. Buckley was no longer a resident contended that she continued in her capacity as a member of the committee until her successor was appointed and qualified. Unlike respondent Douglas, she did not attend or participate in the meeting at which the vote to suspend petitioners was taken. The merits of these conflicting contentions are not properly before us and therefore cannot be considered.

Assuming arguendo, however, that one or two vacancies do exist, petitioners contend that the filling of a vacancy by the remaining members of a committee is mandatory and not merely permissive. The pertinent provision of chap. 3238, sec. 9, which petitioners deem to be applicable reads as follows: "In case of * * * removal from the city, of any member of the school committee, * * * there shall be a vacancy in the membership of the committee, a majority of the members of the school committee may appoint

any qualified person as a member of said committee." The statute further provides that any person so appointed shall hold office until the first Monday in January succeeding the municipal election next following his appointment.

In support of their contention that it is mandatory upon the remaining members of the committee to fill such a vacancy and that until the vacancy is filled the committee is without authority to act, they cite *May-Day Realty Corp.* v. *Zoning Board of Review,* 77 R. I. 469. This was an appeal from a decision of a zoning board which consisted of four members only, one having died prior to the hearing. The hearing was held on December 5, 1949 and on May 9 of that year, by P. L. 1949, chap. 2293, the legislature had amended the enabling act relating to zoning boards of review in the following language: "The mayor of any city or the town council of any town shall have the right to name an auxiliary or sixth member of said board of review of said city or town, as the case may be, who shall sit as an active member when and if a member of said board is unable to serve at any hearing, upon request of the chairman of said board."

The applicant May-Day Realty Corp. was denied an exception or variance, having failed to obtain four affirmative votes as required by law. Commenting on the hardship confronting an applicant in the circumstances of that case we held, "In our opinion in order to give such chapter any effect, the right to name an auxiliary or sixth member of a board of review must be construed as a duty to act imposed on the naming authority and not as a mere privilege extended to it."

The reasoning in that case has no relevancy to the instant petition. In the absence of persuasive circumstances or a statutory directive to the contrary, it is a well-recognized principle that a majority constitutes a quorum, and if a quorum is present the legislative, judicial or adminis-

trative body has authority to act in those matters coming within its jurisdiction.

We are aware of no special statutes relating to school committees in this regard, nor do the circumstances here persuade us that the general rule should be altered. It may be desirable, or even advisable, that a vacancy existing in a governmental body be filled without unreasonable or unavoidable delay, but in the absence of peculiar circumstances or legislative mandate, the failure to do so is not ipso facto fatal to the jurisdiction of the agency in which the vacancy exists.

We are therefore of the opinion that all of the petitioners' contentions are without merit, that the respondent school committee did not act in excess of its jurisdiction, and that the remedy of the petitioners is by appeal in the manner heretofore set forth, and not by certiorari.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the order staying the suspension is dissolved. The records in the case which have been certified to this court are ordered sent back to the school committee with our decision endorsed thereon.

*Corcoran, Foley & Flynn, Francis R. Foley,* for petitioners.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Assistant City Solicitor, for respondents.