Argued September 7, remanded October 27, 1972

# STATE OF OREGON, *Respondent, v.* LLOYD A. FRY ROOFING COMPANY, *Petitioner.*

502 P2d 253

*James H. Clarke,* Portland, argued the cause for petitioner.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

O'CONNELL, C.J.

Defendant was convicted for the violation of ORS 449.990(9), which makes the violation of the rules of the Columbia-Willamette Air Pollution Authority a misdemeanor. The Court of Appeals affirmed the judgment of conviction (9 Or App 189, 495 P2d 751) whereupon defendant filed a petition for review. We allowed the petition, limiting the argument to one assignment of error relating to the interpretation of ORS 2.570(4), which reads as follows:

> "(4) The Chief Judge shall apportion the business of the court between the departments. Each department shall have power to hear and determine causes, and all questions which may arise therein, subject to subsection (5) of this section. The presence of three judges is necessary to transact business in any department, except such business as may be transacted in chambers by any judge. The concurrence of two judges is necessary to pronounce judgment."

It appears from the written opinion of the Court of Appeals that although three judges of that court heard the oral argument in the case, only two judges participated in the decision.

We hold that this method of transacting the business of the court was not in compliance with ORS 2.570(4). We interpret the statute to mean that the presence of three judges is necessary, not only in hearing the oral argument but also in deliberating

upon and in deciding the issues involved in the case. In other words, we construe the phrase "to transact business" as including the participation of the judge in the decision-making process. That part of the statute which provides that "the concurrence of two judges is necessary to pronounce judgment" was intended only to permit the court, sitting in a department of three, to dispose of a case with two judges concurring and one judge dissenting.

The cause is remanded to the Court of Appeals to proceed in accordance with our interpretation of ORS 2.570(4). To comply with the statute, it will not be necessary to again hear argument in the case; it will be necessary only for the three members of the court who previously heard the argument to participate in deciding the case.

Remanded.