**LaSalle MINNIEFIELD, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 76–1599.

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1976.

Larkin Radney, Alexander City, Ala. (court appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before RIVES,* GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a petition for the writ of habeas corpus by a state prisoner who was convicted of rape in 1970 and sentenced to a term of 99 years. The substantive evidence as to the guilt of the defendant is not in issue. He now claims that his judgment of conviction should be set aside because he was not competent to stand trial. In particular, appellant claims that the court erred in failing to order a psychiatric examination with respect to competency to stand trial[1] and that the court committed error in denying a continuance in order to permit appellant sufficient time to present certain evidence to the court which he claims would establish his incompetence.[2] We affirm.

The appellant sought and was given a full evidentiary hearing in the trial court upon his coram nobis or habeas corpus peti-

---

* Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46.

1. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

2. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940).

948

tion in 1974. The record indicates that the trial court was inclined not to conduct a hearing, but at the insistence of the state a hearing was held at which the evidence was rather fully developed.

It is undisputed that the appellant was accused of a similar crime in 1969 and shortly thereafter was found to be competent.[3] Moreover, on February 5, 1970, approximately five weeks prior to the rape here involved, the appellant was released from a Veteran's Administration hospital with the statement that he was "competent and able to resume employment." A clinical psychologist testified that assuming certain facts to be true, she would conclude that the appellant was not competent to stand trial. The psychologist never examined the appellant, had no opportunity to observe him at any critical time, and at best her opinion is based upon assumptions and not upon her own examination or knowledge. In these circumstances we are unable to conclude that the state trial court conclusions are clearly erroneous, or that the United States District Court was required to conduct an evidentiary hearing in view of the disclosures contained in the state court record.

AFFIRMED.

---

3. The briefs indicate some confusion about what is contained in the state coram nobis record. A careful review of that record indicates that the only medical records introduced in that proceeding were the records from appellant's stay at the VA Hospital in Tuscaloosa, Alabama. The state court judge in the coram nobis proceeding stated that: "This record discloses that the defendant had been charged with an attempt to rape in July, 1969 while in the service. The report further shows that the defendant was examined by a psychologist, Dr. R. F. Horner and found competent." Our own review of the VA records shows that appellant was transferred along with prior medical records from Brooke Army Medical Center, where he had been since September, 1968, to the VA Hospital on November 1, 1969. The only reference to the 1969 rape charge appears in VA notes of a clinical psychologist team discussion, of which Dr. Horner was leader, dated November 4, 1969. Those notes report that "[h]e was charged with rape in July, 1969 and put under psychiatric care." The team conclusion on November 4, slightly over three months after the 1969 rape charge, was that appellant was competent. Thus, there is no evidence in the record as to any finding of competence or incompetence by the Brooke staff in July, 1969. However, the fact that appellant was declared competent in November, 1969, and again in February, 1970, is certainly more probative of appellant's competence in March and April, 1970, than would have been a finding in July, 1969.