PHOTO–SONICS, INC., Instrumentation Marketing Corporation, Photo Digitizing Systems, Inc., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 81–7145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1982.

Decided May 27, 1982.

■■■■■■■

David S. Bradshaw, Los Angeles, Cal., argued, for petitioner; R. Craig Scott, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., on brief.

Barbara Gehring, N.L.R.B., Washington, D.C., argued, for respondent; Allison W. Brown, Jr., N.L.R.B., Washington, D.C., on brief.

Before CHOY, POOLE and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Photo-Sonics, Inc., Instrumentation Marketing Corporation, and Photo Digitizing Systems, Inc. (Petitioner), petition for review of a National Labor Relations Board (Board) decision. The Board cross-applies for enforcement of its order.

The Administrative Law Judge (ALJ) concluded that Petitioner violated section 8(a)(1) of the National Labor Relations Act (Act), 29 U.S.C. § 158(a)(1), by interrogating employees, threatening economic reprisals, and promising benefits if the employees voted against the Union. The ALJ also found that Petitioner interfered with a representation election. The Board unanimously affirmed the ALJ's findings and conclusions. It also concluded that Petitioner violated section 8(a)(1) by confiscating union literature.

Petitioner contends that the Board's decision is invalid because it was not made by a properly constituted three-member panel. It also contends that the ALJ and the Board improperly construed the evidence and made numerous procedural errors. We enforce the Board's order.

## PENELLO'S RESIGNATION

Pursuant to section 3(b) of the Act, 29 U.S.C. § 153(b), a three-member panel of the Board heard this case. Before its decision was announced, one member of the panel, John Penello, submitted his resignation. The resignation became effective January 14, 1981. The decision on this case issued the same day.

Petitioner claims that Penello's resignation became effective at the first moment of January 14, 1981, and that Penello therefore was not a member of the Board when the Board's decision issued later that day. Accordingly, Petitioner maintains that the decision is unenforceable because it was not made by a properly constituted three-member panel.

■ Since all three panel members concurred in the decision, we need not determine whether Penello's resignation precluded his participation in the Board's decision. Even if Penello did not participate, a decision by two members of the panel would still be binding.

Section 3(b) of the Act states that the Board may "delegate to any group of three or more members any or all of the powers which it may itself exercise." For any group so designated, however, "two members shall constitute a quorum."

No case directly defines the term "quorum" as used in section 3(b), but analogies can be drawn to the practices of federal Courts of Appeals. Federal statutes provide that appeals are to be heard by a panel of three judges, but that two judges will constitute a "quorum." 28 U.S.C. § 46. Courts have interpreted "quorum" to mean the "number of the members of the court as may legally transact judicial business." *Tobin v. Ramey*, 206 F.2d 505, 507 (5th Cir. 1953), *cert. denied sub nom Hughes Construction Co. v. Secretary of Labor*, 346 U.S. 925, 74 S.Ct. 310, 98 L.Ed. 418 (1954). On numerous occasions, courts have issued decisions by a quorum of two judges when the third died or was ill. *See, e.g., TRW, Inc. v. NLRB*, 654 F.2d 307 (5th Cir. 1981); *Minniefield v. Alabama*, 542 F.2d 947 (5th Cir.

1976); *Litton Systems, Inc. v. Southwestern Bell Telephone Co.*, 539 F.2d 418 (5th Cir. 1976), *ren'g denied*, 542 F.2d 1173 (1976); *Wirth Ltd. v. S/S Acadia Forest*, 537 F.2d 1272 (5th Cir. 1976), *reh'g denied*, 541 F.2d 282 (1976); *United States v. Allied Stevedoring Corp.*, 241 F.2d 925 (2d Cir. 1957), *cert. denied*, 353 U.S. 984, 77 S.Ct. 1282, 1 L.Ed.2d 1143 (1957).

Under the view that "quorum" means the number of members that may legally transact business, the Board's decision in this case is valid. Even if this court accepted Petitioner's argument that Penello did not participate in the Board's decision, the decision would nonetheless be valid because a "quorum" of two panel members supported the decision. Penello's resignation, therefore, did not invalidate the decision.

## ALJ'S CREDIBILITY RESOLUTIONS

Petitioner also claims that the Board improperly relied on erroneous credibility resolutions made by the ALJ. It claims that on several occasions the ALJ gave greater weight to the testimony of the Board's witnesses than to the conflicting testimony presented by Photo-Sonic's witnesses.

The courts have repeatedly recognized that it is the function of the ALJ, "who observes the witnesses and hears their testimony, to determine credibility." *NLRB v. Local Union No. 180, United Brotherhood of Carpenters*, 462 F.2d 1321, 1324 (9th Cir. 1972), *quoted in Great Chinese American Sewing Co. v. NLRB*, 578 F.2d 251, 254 (9th Cir. 1978). Accordingly, courts give great deference to ALJs' findings and uphold them unless they are "inherently incredible or patently unreasonable." *NLRB v. Anthony Co.*, 557 F.2d 692, 695 (9th Cir. 1977), *quoted in NLRB v. Don Burgess Construction Corp.*, 596 F.2d 378, 383 (9th Cir. 1979), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979).

After reviewing the record, we conclude that the ALJ's credibility resolutions were reasonable and therefore should be upheld.

Petitioner also contends that the Board and the ALJ made numerous procedural errors. We find all of these claims to be meritless.

Photo-Sonic's petition for review is DENIED. We enforce the Board's order.