DALE E. HAGELSTEIN, APPELLANT, V. SWIFT-ECKRICH
DIVISION OF CONAGRA, APPELLEE.

597 N.W.2d 394

Filed July 23, 1999.    No. S-98-363.

James F. Fenlon, P.C., for appellant.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Dale E. Hagelstein appeals from the Workers' Compensation Court's denial of his petition seeking total disability benefits or, in the alternative, vocational retraining. The initial question presented to this court is whether a review panel of the Workers' Compensation Court is properly constituted when only two judges participate in the decision. Because we conclude that it is not and that as a consequence we lack appellate jurisdiction, we dismiss Hagelstein's appeal and remand the cause for further proceedings.

## FACTUAL BACKGROUND

Hagelstein was injured on January 28, 1991, while in the employ of the appellee, the Swift-Eckrich Division of ConAgra (Swift-Eckrich). The Workers' Compensation Court, on December 26, entered an order granting Hagelstein temporary total disability benefits and ordering Swift-Eckrich to pay Hagelstein's injury-related medical expenses.

On March 6, 1996, Hagelstein filed a petition in the Workers' Compensation Court, alleging that he remained totally disabled but that Swift-Eckrich had been paying only partial disability benefits since 1995. Hagelstein also alleged that Swift-Eckrich had not paid certain medical expenses that he claimed were incurred because of his work-related injury. Hagelstein also sought, in the event that the court rejected his total disability claim, to be awarded vocational rehabilitation benefits.

In a modification of award dated January 27, 1997, a single judge of the Workers' Compensation Court rejected Hagelstein's

total disability claim. The single judge found that Hagelstein had reached maximum medical improvement in 1995 and had since suffered a 35-percent loss of earning power and that Hagelstein did not require vocational rehabilitation. The single judge further found that Swift-Eckrich should pay certain medical expenses claimed by Hagelstein.

Hagelstein sought Workers' Compensation Court review of the modification of award. On March 18, 1998, a review panel of the Workers' Compensation Court entered an order affirming the order of the single judge. The order of affirmance, however, was not signed by three judges; only two signatures are shown on the order. No third judge is shown as participating in the decision.

Hagelstein timely appealed the decision of the review panel to the Nebraska Court of Appeals, and we granted his petition to bypass that court and remove the case to our docket.

## ASSIGNMENTS OF ERROR

Hagelstein assigns that the lower court erred in finding that he (1) reached maximum medical improvement on April 24, 1995, (2) suffered a 35-percent permanent loss of earning power after April 24, (3) is not entitled to vocational rehabilitation benefits, and (4) ceased being permanently totally disabled on or about April 24.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Shearer v. Leuenberger*, 256 Neb. 566, 591 N.W.2d 762 (1999).

Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own determinations. *Variano v. Dial Corp.*, 256 Neb. 318, 589 N.W.2d 845 (1999).

Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Pier v. Bolles, ante* p. 120, 596 N.W.2d 1 (1999).

## ANALYSIS

In his petition to bypass, Hagelstein stated that his appeal to the review panel was heard on oral argument by a three-judge review panel on June 5, 1997, but that on October 20, one of the three judges died. The remaining two judges, according to Hagelstein, signed their order of affirmance nearly 5 months after the death of the third judge. Hagelstein's original appellate brief assigned error to the Workers' Compensation Court regarding the failure of a third judge to sign the order of affirmance. After Hagelstein filed his petition to bypass, however, he filed a second amended brief that purported to withdraw his arguments regarding the absence of a third judge on his Workers' Compensation Court review panel.

Hagelstein's withdrawal of his argument does not resolve the issue for this court. Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Crabb v. Bishop Clarkson Mem. Hosp.*, 256 Neb. 636, 591 N.W.2d 756 (1999). See, also, *Rice v. Adam*, 254 Neb. 219, 575 N.W.2d 399 (1998). The participation of only two judges in the decision of the review panel raises jurisdictional issues, for the review panel and for this court on appeal, which we are dutybound to consider.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Schmidt v. State*, 255 Neb. 551, 586 N.W.2d 148 (1998).

## JUDICIAL NOTICE

The first issue confronting this court in resolving this jurisdictional question is the determination of what facts to consider in our analysis. Hagelstein brought the matter of the death of a judge of his review panel to our attention in his appellate brief and petition to bypass, but there is no evidence in our record on appeal which indicates this fact, other than the pres-

ence of only two signatures on the review panel order of affirmance and the absence of a concurrence or dissent from a third judge. When questioned at oral argument, however, both parties conceded the death of a review panel member and the nonparticipation of a third judge. An appellate court may consider agreed circumstances presented to it in brief or argument. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999); *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989).

It is also provided by Neb. Rev. Stat. § 27-201 (Reissue 1995) that a court may take judicial notice of "adjudicative facts," given certain statutory limitations. It is also well established that judicial notice may be taken at any stage of a proceeding, see § 27-201(6), and that this includes judicial action in an appeal, *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990). Judicial notice may be taken whether or not it is requested by a party. See, § 27-201(3); *Wolgamott v. Abramson*, 253 Neb. 350, 570 N.W.2d 818 (1997).

"Adjudicative facts" within the meaning of § 27-201 are simply the facts developed in a particular case, as distinguished from "legislative facts," which are established truths, facts, or pronouncements that do not change from case to case but apply universally. See, e.g., *U.S. v. Hernandez-Fundora*, 58 F.3d 802 (2d Cir. 1995), *cert. denied* 515 U.S. 1127, 115 S. Ct. 2288, 132 L. Ed. 2d 290; *United States v. Gould*, 536 F.2d 216 (8th Cir. 1976) (cases applying Fed. R. Evid. 201, upon which § 27-201 is based). See, also, generally, 1 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 201.03[1] and [2] (1999); Fed. R. Evid. 201 advisory committee's notes. " 'Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. . . .' " *United States v. Gould*, 536 F.2d at 219. Accord *Van Meter v. Hellwege*, 356 N.W.2d 541 (Iowa 1984).

In order to address the jurisdictional issue presented in this appeal, a factual basis for our analysis must be established, i.e.: (1) the identities of the three judges assigned to Hagelstein's review panel, (2) that no other judge participated in the decision of that review panel, and (3) that one of the judges died before participating in the decision by that review panel. By the stan-

dards set forth above, these would clearly be adjudicative facts, as they relate to the unique circumstances of this particular case, and these are the facts to which we must apply the law defining the review panel's, and our own, jurisdiction.

As the facts necessary to our disposition of this issue are adjudicative facts, they are subject to the requirements of § 27-201. Section 27-201(2) provides that we may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

With reference to the composition of Hagelstein's review panel, we note that the records of the Workers' Compensation Court show that three judges were assigned to the review panel in Hagelstein's case: Judges Laureen Van Norman, Paul LeClair, and Ronald Brown. The records of the compensation court do not indicate the assignment of another judge to consider the review of Hagelstein's case. The signatures of Judges Van Norman and Brown appear on the order of affirmance contained in our appellate record; neither our record nor the records of the compensation court contain any indication of Judge LeClair's participation in the final adjudication of the review panel.

It is well established that as a subject for judicial notice, existence of court records and certain judicial action reflected in a court's record are, in accordance with § 27-201(2)(b), facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *In re Interest of C.K., L.K., and G.K.*, 240 Neb. 700, 484 N.W.2d 68 (1992); *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991); *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990); *In re Interest of Tabitha J.*, 5 Neb. App. 609, 561 N.W.2d 252 (1997). See, also, *Rhodes v. Crites*, 173 Neb. 501, 113 N.W.2d 611 (1962) (holding judicial notice is properly taken of judges, justices, and other court officials within state, and judicial notice is properly taken of public officers and their official positions and authority within jurisdiction of court).

Accordingly, it is appropriate for us to take judicial notice of the facts contained in the records of the Workers' Compensation

Court regarding the instant appeal: that Judge LeClair was assigned to Hagelstein's review panel and that neither he nor any other third judge participated in the March 18, 1998, decision of that review panel.

We additionally note that the State of Nebraska Department of Health has on file a death certificate for Judge Paul LeClair of the Workers' Compensation Court. The certificate was filed on October 30, 1997, and shows that Judge LeClair died on October 20, 1997. These are sources the accuracy of which cannot be reasonably questioned, and we may properly take judicial notice of the fact contained therein: that Judge LeClair died on October 20, 1997, nearly 5 months before the filing of the order of affirmance in Hagelstein's case.

In short, the evidence iterated above reveals that Judge LeClair was the third judge assigned to Hagelstein's review panel, that he died before participating in the decision of that review panel, and that the review panel which rendered that decision was composed of only two compensation court judges.

### QUORUM REQUIREMENT

Having determined that only two Workers' Compensation Court judges participated in the order of affirmance in Hagelstein's review, the jurisdictional question presented is whether the review panel of the Workers' Compensation Court was properly constituted of only two judges. The Pennsylvania Supreme Court correctly set forth the applicable rule in *Commonwealth v. Petrillo*, 340 Pa. 33, 48, 16 A.2d 50, 58 (1940), as follows:

> "It may be stated as the general rule that the death, disqualification or absence of a judge will not deprive the surviving or remaining judges of authority to hold court and transact the business of the court, and in fact to exercise all functions pertaining to the particular court, *provided, however, that the number of the court is not reduced below that legally required for the transaction of its business."*

(Emphasis supplied.)

The question of how many Workers' Compensation Court judges are necessary to act as a review panel is addressed by Neb. Rev. Stat. § 48-156 (Reissue 1998), which provides:

A majority of the judges of the Nebraska Workers' Compensation Court shall constitute a quorum to adopt rules and regulations, as provided in sections 48-163 and 48-164, to transact business, except when the statute or a rule adopted by the compensation court permits one judge thereof to act, *and three judges shall constitute a quorum for the review of any disputed claim for compensation.* The act or decision of a majority of the judges constituting such quorum shall in all such cases be deemed the act or decision of the compensation court.

(Emphasis supplied.)

■■■ Our determination rests on the effect of the word "quorum" as used in § 48-156. It is well established that a "quorum" is defined as "the number of persons that are members of a body when assembled who are legally competent to transact the business of such a body." *Davidson v. State*, 248 Ind. 26, 28, 221 N.E.2d 814 (1966), *cert. denied* 387 U.S. 911, 87 S. Ct. 1696, 18 L. Ed. 2d 631 (1967). Accord, *Matter of McGovern (Olson)*, 291 N.Y. 104, 51 N.E.2d 666 (1943); *Snider v. Rinehart*, 18 Colo. 18, 31 P. 716 (1892); *Heiskell vs. Mayor, &c., of Baltimore*, 65 Md. 125, 4 A. 116 (1886); *People v. Dale*, 79 Cal. App. 2d 370, 179 P.2d 870 (1947).

The commonly recognized definition of a quorum is that it is such a number of a body as is competent to transact business in the absence of the other members. *Slush v. Patterson*, 201 Miss. 113, 29 So. 2d 311 (1947). Accord, *Morton v. Talmadge*, 166 Ga. 620, 144 S.E. 111 (1928); *The State ex rel. Cline v. Wilkesville Township*, 20 Ohio St. 288 (1870).

"Quorum" has also been defined as " '[t]he number of members who *must* be present . . . before business may be transacted.' " (Emphasis in original.) *Appeal of Net Realty Holding Trust*, 127 N.H. 276, 278, 497 A.2d 865, 867 (1985) (quoting Black's Law Dictionary 1130 (5th ed. 1979)). Accord, *Photo-Sonics, Inc. v. N. L. R. B.*, 678 F.2d 121 (9th Cir. 1982); *Bray v. Barry*, 91 R.I. 34, 160 A.2d 577 (1960). Compare *Bond v. Nebraska Liquor Control Comm.*, 210 Neb. 663, 316 N.W.2d 600 (1982); *Busboom v. Southeast Nebraska Tech. Community College*, 194 Neb. 448, 232 N.W.2d 24 (1975).

The U.S. Court of Appeals for the Fifth Circuit interpreted a statute similar to § 48-156 in *Tobin v. Ramey*, 206 F.2d 505 (5th Cir. 1953), *cert. denied, Hughes Construction Co. v. Secretary of Labor*, 346 U.S. 925, 74 S. Ct. 310, 98 L. Ed. 418 (1954). In interpreting a federal statute establishing a quorum requirement for the U.S. Court of Appeals, the Fifth Circuit concluded that "[t]he word *quorum* as therein used means such a number of the members of the court as may legally transact judicial business." (Emphasis in original.) 206 F.2d at 507. Accord, *Whitehall Tenants Corp. v. Whitehall Realty Co.*, 136 F.3d 230 (2d Cir. 1998); *Photo-Sonics, Inc. v. N. L. R. B., supra.*

We agree with the foregoing authority. The plain and ordinary meaning of the quorum requirement of § 48-156 is that review of a disputed claim must be conducted by no fewer than three judges of the Workers' Compensation Court. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999).

Consequently, a review panel of the compensation court must be composed of no less than three judges in order to have authority to act under the statutes. As a statutorily created court, the compensation court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Miller v. M.F.S. York/Stormor, ante* p. 100, 595 N.W.2d 878 (1999); *Gibson v. Kurt Mfg.*, 255 Neb. 255, 583 N.W.2d 767 (1998).

The record in this case shows that Judge LeClair participated in oral argument in this case but died before a decision was rendered. This fact, however, is of no consequence. The "review of any disputed claim for compensation," as stated in § 48-156, must at least include participation, either concurring or dissenting, in the review panel's ultimate decision.

In facing a similar situation relating to a three-judge panel hearing an application to enjoin an order of the Interstate Commerce Commission, the U.S. Supreme Court concluded:

> [W]e cannot say that the failure of the third judge to participate in the determination of a case, where the other two

are in agreement as to the result, is without significance. The decision reached by two judges is not necessarily the one which might have been reached had they had the benefit of the views and conclusions of the third judge. . . .

. . . While all three judges of the specially constituted court heard the oral argument, only two of them participated in the determination of the case. The findings of fact, the conclusions of law and the judgment were all entered without the approval, concurrence or dissent of the third judge. He thus missed the very essence of the judicial function in this case—the actual adjudication of the issues of law and fact. All that we have here is an adjudication by two judges. But under the statute it is not enough that there be an adjudication by two judges. They lack any statutory authority to hear and determine [the case].

*Ayrshire Corp. v. United States*, 331 U.S. 132, 139, 67 S. Ct. 1168, 91 L. Ed. 1391 (1947). Accord *State v. Fry Roofing Co.*, 263 Or. 300, 502 P.2d 253 (1972). But see *Dickinson State Bank v. Ogden*, 624 S.W.2d 214 (Tex. Civ. App. 1981), *overruled on other grounds* 662 S.W.2d 330 (Tex. 1983). We agree. The very purpose of multijudge panels is to seek the input and opinion of experienced jurists during the critical juncture of an appellate case—the actual adjudication of the issues of law and fact. It does not suffice to have the adjudication of two judges under § 48-156.

### JURISDICTION ON APPEAL

We must, therefore, conclude that the review panel was without authority to enter its order of affirmance. Moreover, absent such an order, we are without jurisdiction to consider Hagelstein's appeal. This court held in *Schmidt v. Shoftstall Alfalfa*, 239 Neb. 248, 475 N.W.2d 523 (1991), that direct appeal could not be taken to this court from the order of a single judge of the compensation court, as there were neither provisions in the statutes nor any procedures for such an appeal. While the statute at issue in that case, Neb. Rev. Stat. § 48-185 (Reissue 1988), has since been amended to address review rather than rehearing of disputed cases, see § 48-185 (Reissue 1998), the holding of *Schmidt v. Shoftstall Alfalfa, supra*,

remains valid and applicable in the instant case: The statutes as currently written do not provide for appeal to this court or the Court of Appeals without a properly constituted review by the compensation court.

We note that after our disposition of the case, the compensation court may still review Hagelstein's claim despite the delay occasioned by these unusual circumstances, as Hagelstein seasonably filed his application for review. See *Tatara v. Northern States Beef Co.*, 230 Neb. 230, 430 N.W.2d 547 (1988).

## CONCLUSION

Two compensation court judges participating in the review panel decision to affirm the single judge's order were insufficient to satisfy the quorum requirement of § 48-156, and the review panel was without authority to enter an order on review. Without such a review, we are without jurisdiction to consider the instant appeal. For these reasons, Hagelstein's appeal is dismissed, and the cause is remanded for further proceedings consistent with this opinion.

APPEAL DISMISSED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

CONNOLLY and STEPHAN, JJ., not participating.